Whitaker, Judge,
delivered the opinion of tbe court:
Plaintiff sues (1) for $4,602.41 “for traveling 17,208 miles on Official Government Business”,; (2) for $74,269.20 “for permanent damage to the [his] right eye, arm and leg”; and (3) for $2,000,000 for damage to his reputation.
Instead of making a motion to dismiss, because the second and third items sound in tort, and because the facts alleged to *135 support the first are manifestly insufficient to state a cause of action, defendant has made a motion for summary judgment, which it supports by affidavits and documents. These show that plaintiff is possibly entitled to recover on one small item. It will be necessary for us to consider it.
Plaintiff’s designated post of duty was Boston, Massachusetts. The Veterans Administration Center in Boston was directed by the Central Office in Washington to make an institutional audit of the Eastern Technical School at New Bedford, Massachusetts, and to detail two of their employees to the Providence, Ehode Island, office of the Veterans Administration for this purpose.
Plaintiff, although employed by the Boston office, lived only five miles from Providence, and for this reason he requested the assignment. It was given to him, but with the verbal understanding that he would be allowed no per diem for work done by him in Providence, since Providence was within five miles of his residence.
A travel order was nevertheless issued to him authorizing travel “from Boston, Mass,, to Providence, E. I., and to such other points in Ehode Island, Massachusetts and Connecticut as may be required, and return to Boston, Mass. Per diem— $9.00 per day for 15 days — $135.00. Approximate mileage 400 miles @ 7 cents per mile $28.00.”
The reason for the issuance of such an indefinite travel order was the uncertainty as to the site of the work, and the probability that plaintiff might be required to do most, if not all, of it at New Bedford, Massachusetts. But this does not explain why travel from Boston to Providence, Ehode Island, was included in the travel order. To this extent the written order is in contradiction with the verbal understanding that no per diem would be paid for work done there, since the authorized travel included a per diem allowance.
However, there seems to be no doubt about this verbal understanding. It is sworn to by the Finance Officer of the Eegional Office, who had the function of authorizing the travel and the travel allowance, and who did authorize it. It is also sworn to by the other accountant assigned to this particular job, who was present when the understanding was had.
*136 Plaintiff offered no contrary affidavits.
Besides, it would have been ridiculous to have authorized a per diem for work in a city five miles distant from plaintiff’s residence, especially when plaintiff was entitled to none for work in Boston, which was 48 miles distant. Plaintiff could have walked to his work in Providence. Every night while in Providence plaintiff slept in his own bed, ate breakfast in the morning and dinner at night at his own table. A subsistence allowance is intended to reimburse a traveler for having to eat in hotels and restaurants, and for having to rent a room in another city while still maintaining his own table and his own permanent place of abode. It is supposed to cover the extra expenses incident to traveling.
Under the Travel Expense Act of 1949 (5 U. S. C. 835-842), and the Standardized Travel Regulations, it was the duty of the officer authorizing the travel to limit the per diem allowance to the amount required to meet the expense expected to be incurred. In section 45 of the Regulations it is provided:
* * * It is the responsibility of the departments and establishments to see that travel orders authorize only such per diem allowances as are justified by the circumstances surrounding the travel. To this end, care should be exercised to prevent the fixing of a per diem allowance in excess of that required to meet the necessary authorized expenses.
This regulation was authorized by section 840 of the Travel Expense Act of 1949, supra, which reads in part:
The fixing and payment * * * of travel allowances * * * and reimbursement of travel expenses * * * shall be in accordance with regulations which shall be promulgated by the Director of the Bureau of the Budget. [Emphasis added.]
See Ronka v. United States, 127 C. Cls. 180, and Remaley v. United States, 129 C. Cls. 159.
Plaintiff incurred no additional expense by reason of working in Providence, instead of Boston and, hence, no per diem should have been authorized, and we are satisfied that none was intended to be authorized.
Except for this one item, we have no idea of the basis of plaintiff’s claim reading: “For traveling 17,208 miles on *137 Official Government Business.” He does claim that bis headquarters were actually in Washington, instead of Boston, because his orders emanated from Washington and, hence, that he is entitled to per diem for the entire time he was not in Washington. This, of course, is nonsense. No other basis for the claim is suggested, so far as we can tell, either from his petition or from the papers furnished by the defendant.
His other two claims plainly sound in tort.
Defendant’s motion is granted, and plaintiff’s petition is dismissed.
It is so ordered.
Laramore, Judge; Madden, Judge; Littleton, Judge; and Jones, Chief Judge, concur.