Opinion

per curiam:

This is an action in which plaintiff seeks restoration of annual and sick leave or, alternatively, the computed monetary value thereof. Supplementing the pleadings and its brief with attached exhibits, defendant moves for summary judgment, contending that the petition fails to establish a claim upon which this court can grant relief.
Louisa M. Miraglia was an employee of the General Accounting Office, serving as clerk-typist GS-3, Claims Division, Washington Debt Section, when the facts giving rise to this claim materialized.
During the morning of April 23, 1956, certain incidents occurred which caused plaintiff to be placed in an annual leave status that same day. Plaintiff continued in this status until May 1, 1956, when, upon her request, she was placed on sick leave. In support of her request, a medical certificate dated May 2, 1956, was submitted which stated that plaintiff was hospitalized, under medical care, and unable to work at that time. Plaintiff’s condition was such that she was unable to report for work until the 26th of July, 1956. During this absence, the annual and sick leave credits of plaintiff were exhausted, and she was therefore placed on leave-without-pay, effective July 6, 1956. When plaintiff returned to work she discovered that her condition would not permit the continuance of her duties. Consequently, plaintiff was again placed on leave-without-pay, and was carried in that status from July 30, 1956, until August 8,1956, when she returned to a duty status. She is presently employed by the General Accounting Office.
'Plaintiff’s petition sets forth the claims for restoration or reimbursement of the annual and sick leave so used during the period April 23, 1956, through August 7, 1956, which have been disallowed by the General Accounting Office and the. Comptroller General.
We agree with the position of the defendant that plaintiff’s petition fails to state a claim entitling her to relief in this court. In effect, she has not been damaged as a result of *666 administrative determination to place her in a leave status during her absence from work. By her own admission, she was unable to carry out her duties during the time here involved, and it was this temporary incapacity which occasioned the exhaustion of her annual and sick leave credits, rather than an unauthorized act of her superiors in charging her leave account, as is alleged in the petition. Obviously, the underlying policy of annual and sick leave is to provide a stopgap during an employee’s absence from work. And it was with this purpose in mind that plaintiff was placed in a leave status during her absence.
We experience difficulty in determining from the petition and plaintiff’s reply brief the precise theory under which she seeks relief.
In any event, that part of the pleadings which alleges shock and illness due to alleged wrongful conduct of others is in the nature of an action in tort. It is well settled that a claim of this nature, sounding in tort, is outside the jurisdiction of this court. 28 U. S. C. § 1491, § 1504 (1952 Ed.); Norcutt v. United States, 103 C. Cls. 758; Burkholder v. United States, 128 C. Cls. 767, cert. den. 347 U. S. 977.
The defendant’s motion for summary judgment is granted and the petition is dismissed.
It is so ordered.