355 F.2d 636
 FORT SILL GARDENS, INC.
v.
The UNITED STATES.
 No. 187-63.
 United States Court of Claims.
 January 21, 1966.
 
 Carl L. Shipley, Washington, D. C., attorney of record, for plaintiff. Shipley, Akerman & Pickett, Washington, D. C., of counsel.
 Edwin J. Reis, Washington, D. C., with whom was Asst. Atty. Gen. John W. Douglas, for defendant.
 Before COWEN, Chief Judge, and LARAMORE, DURFEE, DAVIS and COLLINS, Judges.
 DURFEE, Judge.
 
 
 1
 The present motions were submitted without oral argument to the court for its decision. Plaintiff is an Oklahoma corporation organized with an FHA form charter and by-laws in accordance with requirements of the Federal Housing Administration for the purpose of owning and operating a 72-unit garden-type rental housing project, known as Fort Sill Garden Apartments, located at Lawton, Oklahoma.
 
 
 2
 Fort Sill Gardens was originally constructed in 1952 under section 908, Title IX of the National Housing Act, 12 U.S.C. § 1750g (1964 ed.) The project, although FHA mortgage insured, was privately financed and owned. On July 1, 1957 FHA acquired title to the project as a result of a default by the owner in meeting mortgage payments. The project was thereafter sold to plaintiff by FHA in May, 1959 for a consideration slightly in excess of one-half million dollars.
 
 
 3
 Thereafter, defendant allegedly engaged in certain conduct which plaintiff now complains of, and which forms the basis of plaintiff's claim and its present motion. Specifically, plaintiff alleges that "Since selling said project to plaintiff corporation, defendant engaged in purposeful, destructive and injurious competition with plaintiff * * *" in violation of statute and implied promise.
 
 
 4
 Plaintiff argues that certain provisions of the Defense Housing and Community Facilities and Services Act of 1951, 42 U.S.C. § 1591 (1964 ed.) read in conjunction with the National Housing Act, 12 U.S.C. § 1701 et seq. (1964 ed.) clearly indicate a Congressional policy which encourages private builders in defense housing areas and prohibits the Government from building or operating commercial permanent housing which would compete with privately owned defense housing. Plaintiff maintains that the Government via operation of housing units in competition with plaintiff violated this national policy. The Government's competitive actions were therefore, according to plaintiff "purposeful, destructive, and injurious." As a result of such purposeful and injurious actions, plaintiff alleges that it has been unable to make a profit and is now behind in its mortgage payments. Plaintiff, therefore, asks for damages covering losses that resulted from the aforementioned competition by defendant.[1]
 
 
 5
 This court is of the opinion that plaintiff's petition must be dismissed, as we have no jurisdiction to hear this case. Section 1491, Title 28, U.S.C. (1964 ed.) is the basis jurisdictional statute for this court. Under the statute, original jurisdiction is given for claims against the United States not sounding in tort. Plaintiff's present action, that of ruinous competition, clearly sounds in tort. It has been repeatedly held that a claim sounding in tort is beyond this court's jurisdiction. Locke v. United States, 283 F.2d 521, 151 Ct.Cl. 262 (1960); Miraglia v. United States, 141 Ct.Cl. 664 (1958); Bornhoft v. United States, 137 Ct.Cl. 134 (1956); Leverette v. United States, 142 F.Supp. 955, 135 Ct.Cl. 207 (1956); Burkholder v. United States, 119 F.Supp. 743, 128 Ct.Cl. 767 (1954), cert. denied, 347 U.S. 977, 74 S.Ct. 789, 98 L.Ed. 1116 (1954).
 
 
 6
 Plaintiff has attempted to interject a contract theory into the case by alleging that under the mortgage agreements the Government impliedly agreed to do nothing to hinder performance of plaintiff's obligations. Such an argument cannot, however, obviate the fact that the genesis of any wrongdoing by the Government was that of ruinous competition. Plaintiff's consequential argument, therefore, would have to be predicated or based on tort. In a connected tort-contract claim, an action may be maintained in this court which "* * * arises primarily from a contractual undertaking regardless of the fact that the loss resulted from the negligent manner in which defendant performed its contract." [Emphasis added.] Chain Belt Company v. United States, 115 F.Supp. 701, 712, 127 Ct.Cl. 38, 54 (1953), or from a tortious breach of contract. United States v. Huff, 165 F.2d 720, 1 A.L.R. 2d 854 (5th Cir. 1948). See also Keifer & Keifer v. Reconstruction Finance Corp., 306 U.S. 381, 59 S.Ct. 516, 83 L.Ed. 784 (1939). Neither such situation exists here. The claim before the court is in substance a tort claim, and only incidentally a contract claim. Cf. Woodbury v. United States, 313 F.2d 291 (9th Cir. 1963) for a contrary situation.
 
 
 7
 Defendant's motion for summary judgment is granted; plaintiff's motion for summary judgment is denied, and the petition is dismissed.
 
 
 
 Notes:
 
 
 [1]
 Plaintiff has couched the conclusory words of its petition in the form of a demand for payment for a Fifth Amendment taking. Such a theory is completely at variance with the theory of recovery as set out in plaintiff's brief and paragraphs 1-9 of its petition. Further, there has been no seizure of any of plaintiff's property by defendant, either actual or implied, nor any kind of an easement obtained by defendant. Plaintiff actually seeks some form of damages, rather than just compensation for property taken in contravention of the Fifth Amendment
 
 
 
 8
 COLLINS, Judge (concurring).
 
 
 9
 Although I agree with the result reached by the majority, I prefer to rely upon a different ground. In my opinion, even if plaintiff's claim is within the jurisdiction of this court, plaintiff is not entitled to recover.
 
 
 10
 Plaintiff asserts that, by enacting section 102 of the Defense Housing and Community Facilities and Services Act of 1951, 65 Stat. 294, 42 U.S.C. § 1591a (1964), Congress indicated a policy "to prohibit the Federal Government from building any permanent housing which would interfere with the economic soundness of the investment of private builders * * * [who provided housing in areas which the President had determined to be critical defense housing areas]." As pointed out in the majority opinion, plaintiff's claim is based in part upon alleged violation of this policy. I agree with defendant that plaintiff's contention is without merit. The significance which plaintiff attributes to 42 U.S.C. § 1591a is far too broad. That section placed a conditional limit upon the power of the Federal Government to construct housing under subchapter IX of chapter 9 of 42 U.S.C.[1] There was no all-inclusive prohibition of the type plaintiff suggests. Furthermore, the housing program referred to in 42 U.S.C. § 1591a expired many years previous to the date (in 1959) when plaintiff purchased the project involved in this suit. With regard to expiration dates, see 42 U.S.C. § 1591c. In view of these facts, there can be no recovery by plaintiff on the basis of 42 U.S.C. § 1591a.
 
 
 11
 Plaintiff also argues that the Government violated an implied condition not to hinder plaintiff's fulfillment of its loan agreement and mortgage contract. I cannot accept the view that the Government impliedly agreed to the terms plaintiff urges. In Bateson-Stolte, Inc. v. United States, 305 F.2d 386, 158 Ct.Cl. 455 (1962), which involved a construction contract, this court rejected the plaintiff's argument that the Government had impliedly promised to refrain from certain activities.[2] The basis for this conclusion was expressed as follows: "Since defendant [i. e., the Government] would never have expressly agreed to such a provision, it cannot be successfully contended that defendant impliedly agreed to it." 305 F.2d at 389, 158 Ct.Cl. at 460. The same reasoning applies to the present case. I cannot conceive that responsible officials would have promised plaintiff that the Government housing programs about which plaintiff complains would be curtailed or halted in the area of Fort Sill. Therefore, I conclude that the carrying on of these programs did not constitute infraction of any implied agreement between plaintiff and the Government. For the above reasons, I agree that plaintiff's petition must be dismissed.
 
 
 
 Notes:
 
 
 [1]
 The section in question, 42 U.S.C. § 1591a, provides, in part, as follows:
 "* * * no permanent housing shall be constructed by the Federal Government under the provisions of subchapter IX of this chapter except to the extent that private builders or eligible mortgagees have not, within a period of not less than ninety days * * * following public announcement of the availability of such mortgage insurance aids under * * * [certain sections] of Title 12, indicated * * * that they will provide the housing determined to be needed in such area for defense workers and military personnel and publicly announced as provided by subsection (a) of this section. * * *"
 
 
 [2]
 With regard to the matter of implied conditions, plaintiff cites York Eng'r. & Constr. Co. v. United States, 62 F.Supp. 546, 103 Ct.Cl. 613 (1945), cert. denied, 327 U.S. 784, 66 S.Ct. 700, 90 L.Ed. 1011 (1946), and Beuttas v. United States, 60 F.Supp. 771, 101 Ct.Cl. 748 (1944). Discussion of these cases in unnecessary. It is sufficient to mention that the relevant part of the judgment which this court had granted to the plaintiffs inBeuttas was reversed by the Supreme Court. 324 U.S. 768, 773, 65 S.Ct. 1000, 89 L.Ed. 1354 (1945). The reason of York Eng'r. & Constr. Co., which was based upon Beuttas, was rejected in Bateson-Stolte, Inc. v. United States, supra, 305 F.2d 386, 158 Ct.Cl. at 462.