Ddreee, Judge,
delivered the opinion of the court:
The present motions were submitted without oral argument to the court for its decision. Plaintiff is an Oklahoma corporation organized with an FHA form charter and bylaws in accordance with requirements of the Federal Housing Administration for the purpose of owning and operating a 72-unit garden-type rental housing project, known as Fort Sill Garden Apartments, located at Lawton, Oklahoma.
Fort Sill Gardens was originally constructed-in 1952 under-section 908, Title IX of the National Housing Act, 12 TJ.S.C. § 1750 (g) (1964 ed.) The- pro j ect, although FHA mortgage insured, was privately financed and owned. On July 1,1957 FHA acquired title to the project as a result of a default by the owner in meeting mortgage payments. The project was thereafter sold to plaintiff by FHA in May, 1959 for á consideration slightly in excess of one-half million dollars.
Thereafter,. defendant allegedly engaged-in certain conduct which plaintiff now complains of, and which forms the basis of plaintiff’s claim and its present motion. Specifically, plaintiff' alleges that “Since selling said project to plaintiff corporation, defendant engaged in ..purposeful, destructive and injurious competition'with plaintiff * * '*”■ in violation, of statute and implied promise.. , ■
Plaintiff argues that' certain provisions: of the Defense *88 Housing and Community Facilities and Services Act of 1951, 42 U.S.O. § 1591 (1964 ed.) read in conjunction with the National Housing Act, 12 U.S.’C. § 1701 et seq. (1964 ed.) clearly indicate a congressional policy which encourages private builders in defense housing areas and prohibits the Government from building or operating commercial permanent housing which would compete with privately owned defense housing. Plaintiff maintains that the Government ida operation of housing units in competition with plaintiff violated this national policy. The Government’s competitive actions were therefore, according to plaintiff “purposeful, destructive, and injurious.” As a result of such purposeful and injurious actions, plaintiff alleges that it has been unable to make a profit and is now behind in its mortgage payments. Plaintiff, therefore, asks for damages covering losses that resulted from the aforementioned competition by defendant.[1]
This court is of the opinion that plaintiff’s petition must be dismissed, as we have no jurisdiction to hear this case. Section 1491, Title 28, U.S.C. (1964 ed.) is the basic jurisdictional statute for this court. Under the statute, original jurisdiction is given for claims against the United States not sounding in tort. Plaintiff’s present action, that of ruinous competition, clearly sounds in tort. It has been repeatedly held that a claim sounding in tort is beyond this court’s jurisdiction. Locke v. United States, 151 Ct. Cl. 262, 283 F. 2d 521 (1960); Miraglia v. United States, 141 Ct. Cl. 664 (1958); Bornhoft v. United States, 137 Ct. Cl. 134 (1956); Leverette v. United States, 135 Ct. Cl. 207, 142 F. Supp. 955 (1956); Burkholder v. United States, 128 Ct. Cl. 767, 119 F. Supp. 743 (1954), cert. denied, 347 U.S. 977 (1954).
Plaintiff has attempted to interject a contract theory into the case by alleging that under the mortgage agreements the Government impliedly agreed to do nothing to hinder per *89 formance of plaintiff’s obligations. Such an argument cannot, however, obviate the fact that the genesis of any wrongdoing by the Government was that of ruinous competition. Plaintiff’s consequential argument, therefore, would have to be predicated or based on tort. In a connected tort-contract claim, an action may be maintained in this court which “* * * arises primarily from a contractual undertaking, regardless of the fact that the loss resulted from the negligent manner in which defendant performed its contract.” [Emphasis added.] Chain Belt Company v. United States, 127 Ct. Cl. 38, 54, 115 F. Supp. 701, 712 (1953), or from a tor-tious breach of contract. United States v. Huff, 165 F. 2d 720 (5th Cir. 1948). See also Keifer & Keifer v. Reconstruction Finance Corp., 306 U.S. 381 (1939). Neither such situation exists here. The claim before the court is in substance a tort claim, and only incidentally a contract claim. Cf. Woodbury v. United States, 313 F. 2d, 291 (9th Cir. 1963) for a contrary situation.
Defendant’s motion for summary judgment is granted; plaintiff’s motion for summary judgment is denied, and the petition is dismissed.

 Plaintiff has couched the conclusory words of Its petition in the form of a demand for payment for a Fifth Amendment taking. Such a theory is completely at variance with the theory of recovery as set out in plaintiff’s brief and paragraphs 1-9 of its petition. Further, there has been no seizure of any of plaintiff’s property by defendant, either actual or implied, nor any kind of an easement obtained by defendant. Plaintiff actually seeks some form of damages, rather than just compensation for property taken in contravention of the Fifth Amendment.