In re Major Leo D. DOYLE et al.

Major Joe L. ADAMS et al.

v.

The UNITED STATES

Nos. 131–77, 275–77.

United States Court of Claims.

Nov. 30, 1979.

Robert M. Wright, Baltimore, Md., atty. of record, and Keith A. Rosenberg, Washington, D. C., of counsel, for plaintiffs.

George M. Beasley, III, Washington, D. C., with whom was Acting Asst. Atty. Gen. Alice Daniel, Washington, D. C., for defendant.

Before FRIEDMAN, Chief Judge, and DAVIS, NICHOLS, KASHIWA, KUNZIG, BENNETT and SMITH, Judges, en banc.

## ORDER

These cases come again before the court, this time on plaintiffs' motion, filed October 16, 1979, for correction of the May 16, 1979, opinion of the court, 599 F.2d 984, as amended by its order of September 28, 1979, and defendant's reply of October 30, 1979, to the motion and its own cross-motion for correction of the opinion, as amended.

We find no merit in plaintiffs' motion. However, defendant now alleges that the order of the court of September 28, 1979, which was intended to conform with Army regulations, does not in fact adequately achieve the purpose intended by the opinion. Defendant says that the parties have agreed upon the dates when those officers, who were retained on active duty pending

---

15. Note 5, *supra*.

16. 75–1 BCA at 53,160.

the results of the relook boards, were released from active duty. Plaintiffs acknowledge this to be true. As all plaintiffs fall into one of the categories covered by the stipulated dates, the application of these agreed-upon release dates to plaintiffs will result in their being placed in the same position they would have been had they been retained on active duty pending the results of the relook boards. In other words, the court, in its opinion of May 16, 1979, determined that plaintiffs' release dates should be adjusted forward and that such forward adjustment should include credit for an additional 90-day "constructive notice" period. All that is required is to determine when plaintiffs would have been released from active duty had they been retained on active duty pending the results of the relook boards.

Accordingly, since the parties have agreed on these issues,

IT IS HEREBY ORDERED that plaintiffs' motion for correction is denied. Defendant's cross-motion is granted, and the opinion is amended to show that:

(1) each of the plaintiffs in the grade of major is credited with constructive active duty from his original release date until his new release date on March 31, 1977;

(2) each of the plaintiffs in the grade of captain is credited with constructive active duty from his original release date until his new release date on February 28, 1977;

(3) each of the plaintiffs in the grade of chief warrant officer is credited with constructive active duty from his original release date until his new release date on January 31, 1977;

(4) such of the plaintiffs who would have completed 18 or more years of active federal service by the new release date are entitled to have their records corrected to show constructive service in accordance with AR 635-100, ¶ 3-65d.