Military pay; promotions; nonselection for promotion; selection boards without Reserve membership; relook *647boards; correction boards; back pay; retired pay; release dates. — On February 15, 1980 the court entered the following order:
Robert A. Prince, attorney of record, for plaintiffs.
George M. Beasley, III, with whom was Assistant Attorney General Alice Daniel, for defendant. Marc J. Fink, of counsel.
Before Davis, Judge, Presiding, Kunzig and Bennett, Judges.
The three plaintiffs in these cases are Reserve captains who were released from active duty in the Army after having twice been nonselected for promotion to the next highest temporary grade by selection boards on March 30, 1974, and April 10, 1975. They argue that their separations were invalid since the selection boards had no Reserve officers in their membership, in violation of 10 U.S.C. § 266(a) (1976), Department of Defense Instruction 1205.4 (June 23, 1959), and AR 624-100, ¶ 16b(5). Thus, plaintiffs argue they were never legally released from active duty and pray the court to enter an order directing the Secretary of the Army to correct the records to remove the passovers for promotion to the temporary grade of major (AUS) for the years 1974 and 1975, to correct the records to show them restored to extended active duty as of the dates of their respective separation, and to promote them to the rank of major. Additionally, they ask for active duty pay and allowances as majors from the dates of their promotions to that rank, less certain offsets for other earnings as enlisted members or civilians and readjustment pay received.
Each of the three plaintiffs applied to the Army Board for Correction of Military Records (ABCMR) for relief to include extension of and reinstatement to extended active duty. The ABCMR found that the selection boards which had considered plaintiffs for promotion in 1974 and 1975 were improperly constituted and that this was an injustice to plaintiffs, and recommended that new boards with Reserve officer members included thereon be convened. On January 27, 1976, the Secretary of the Army did order such new boards but none of the plaintiffs were selected for *648promotion by the relook boards. Defendant says, therefore, that plaintiffs would not have been promoted by the original boards had they been properly constituted and that the mistake in creation of those boards without Reserve membership was harmless error.
Plaintiff Morano, SS 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, was involuntarily separated from the service on November 19, 1975. At that time he had 16 years 11 days of total active duty, of which 5 years 3 months 8 days were in the enlisted service and 10 years 9 months 3 days were as a Reserve officer. Plaintiff Morano was advised by the ABCMR on December 15, 1976, that he had not been selected by the relook boards.
Plaintiff Smith, SS 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, was involuntarily separated on November 19, 1975. Plaintiff had 16 years 4 months 25 days total active duty as of the date of his release from active duty, of which 5 years 5 months 7 days were in the enlisted service and 10 years 11 months 17 days were as a Reserve officer. Plaintiff Smith was advised by the ABCMR on June 15, 1977, that he was not selected by the relook boards.
Plaintiff Godbee, SS 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, was involuntarily separated from active duty on November 23, 1975. Plaintiff had 16 years 2 months 16 days total active duty as of the release date, of which 4 years 11 months 19 days were in the enlisted service and 11 years 2 months 27 days were as a Reserve officer. For unexplained reasons, plaintiff Godbee’s records were not available for consideration by the relook boards which in 1976 considered Morano and Smith. He was considered by relook boards, however, in 1977. He was advised by the ABCMR on September 23, 1977, that he had failed of selection by the relook boards.
All of the serious arguments raised by the parties in this case were disposed of favorably to plaintiffs by our decision in Doyle v. United States and Adams v. United States (considered in the same opinion), 220 Ct. Cl. 285, 599 F. 2d 984 (1979). It is unnecessary now to repeat the discussion in that opinion. We reaffirm that decision here in finding these three plaintiffs are entitled to judgment. However, plaintiffs raise one new argument, of which we take note. They point to AR 624-100, ¶ 36 (July 29, 1966), providing that 9 months or more must elapse between adjournment dates of selection boards where relief from active duty is *649mandatory because of the two-passover rule. See also DA Message 191753 (May 2,1975). Applying those provisions to the relook boards, plaintiffs point out that 9 months did not elapse between the determinations of the relook boards which twice rejected plaintiffs’ selections. Plaintiffs argue from this that even their release from active duty, following action of the relook boards, would be invalid so that, presumably, they should be considered never to have been separated, or at least not until eligible for retirement. The contention is specious and we reject it. The relook boards were not acting pursuant to the regulations cited by plaintiffs and those regulations never contemplated or addressed the special remedy of relook boards. The reconstituted boards considered plaintiffs’ records as they were before the regular 1974 and 1975 selection boards, which did meet more than 9 months apart. The new boards provided plaintiffs with a fair and complete opportunity to be considered for promotion in the manner intended by the law. The error was when the Correction Board, as in the Doyle and Adams cases, attempted to make the nonselec-tions rendered by the reconstituted boards effective as of the date of the action of the original boards. We also reject plaintiffs’ claim for promotions for we have no jurisdiction to consider it, absent extraordinary circumstances not present here.
The measure of plaintiffs’ recovery is not without present difficulty. Plaintiffs stand on AR 635-100, ¶ 3-65a (January 14, 1975). Since we hold plaintiffs were not legally separated by action of the defective selection boards, they are deemed to have constructively served until released according to law, after having been nonselected by the relook boards. The regulation pertinent to release from active duty says that officers will be relieved from active duty "on the 90th day after receipt of involuntary release notification unless earlier release is requested.” Paragraph 3-65d provides that:
Officers who will complete 18 or more years of active Federal service on their scheduled release date will not be processed under this section unless such action is approved by the Secretary of the Army, but will be retained on active duty until the last day of the month in which they complete 20 years of active Federal service.
*650See also 10 U.S.C. §§ 1163(d), 3911, 3926, 3991 (1976). Defendant’s reply brief makes no reference to the foregoing. We are not shown by the parties what the new release dates are. If they are construed as being the dates on which the Correction Board advised plaintiffs of their nonselection by the relook boards, conceivably their release would not be effective until 90 days thereafter. If so, plaintiffs Smith and Morano may fall within the 18-year safety zone which would prohibit their separation until they had completed 20 years of active duty and qualified for retired pay as officers. 10 U.S.C. § 3913(b) (1976).1 Godbee would have completed 18 years on September 7, 1977, and his notice was on September 23, 1977. See the order of the court in Eddy v. United States, post at 650. We presume that the effective release dates can be stipulated as in the Doyle and Adams cases, where the judgment was amended by stipulation to reflect the same. 220 Ct. Cl. 326, 609 F. 2d 990 (1979). If not, the parties will be on proof.
it is therefore ordered, upon the authority of the cases cited and upon consideration of the motions and briefs, without oral argument, that plaintiffs are entitled to judgment. Plaintiffs’ motion for summary judgment is granted. Defendant’s cross-motion is denied. The case is remanded to the trial division for determination of the amount of back pay, pursuant to Rule 131(c). The Secretary of the Army is directed to correct plaintiffs’ records and to implement the relief afforded by the judgment.

 The briefs do not discuss it but, inferentially, the petitions of plaintiffs Morano and Smith suggest the possibility that upon their separation as officers they may have served in an enlisted status to complete 20 years for retirement. If so, judgment for any back pay for active duty or retirement would have to take into account pay and retirement received, the same as would be true with an offset for civilian earnings and readjustment pay for plaintiff Godbee.