Military pay; promotions; nonselection for promotion; selection boards without Reserve membership; correction boards; back active duty pay; retired pay. — On February 15, 1980 the court entered the following order:
George M. Beasley, III, with whom was Assistant Attorney General Alice Daniel, for defendant.
Before Davis, Judge, Presiding, Kunzig and Bennett, Judges.
This military pay claim is before the court on motions for summary judgment. Plaintiff claims the right of reinstatement to active duty in his rank as an Army major with back pay and allowances. His service as a Reserve officer on extended active duty was terminated on October 21, 1975. The reason for termination was plaintiffs nonselection for promotion to the grade of temporary lieutenant colonel (AUS) by selection boards convened in 1974 and 1975. These boards included no Reserve officers among their membership, contrary to the explicit requirement of 10 U.S.C. § 266(a) (1976), Department of Defense Instruction No. 1205.4 (June 23, 1959), and AR 624-100, ¶ 16b(5). Plaintiff thereafter remained on active duty in an enlisted status as a staff sergeant, E-6, and was so serving at the time he filed his petition on September 2, 1977.
On January 27, 1976, the Secretary of the Army ordered new properly constituted boards appointed to consider for promotion all officers who had been considered by the improperly constituted boards. The first new board met to consider plaintiff in May 1976. It did not promote plaintiff. The second newly constituted board met to consider plaintiff on September 17, 1976. This second board did not select plaintiff for promotion. These two relook boards were set up by the Secretary as a consequence of a recommendation by the Army Board for Correction of Military Records which found that the original boards without Reserve membership were improperly constituted and their determinations were an injustice to Reserve officers. The action of the reconstituted boards was reported to the ABCMR for final action on plaintiffs application for relief. On December 14, 1976, plaintiff was notified that his application had been denied by the ABCMR. In the meantime, on July 1, 1976, plaintiff completed 18 years of continuous active service in the Army, since he was entitled to credit for constructive service until a new release date after final relook board action or until retirement if that is sooner, as *652 here. The significance of constructive credit is that on July 1, 1976, plaintiff reached the 18-year sanctuary zone and was entitled to remain in the military service as a major, AUS, until he earned 20 years of active service and could retire as a major. 10 U.S.C. §§ 1163(d), 3911, 3926, 3991 (1976). Plaintiff claims back pay representing the difference in pay between pay grade 0-4, as a major, and E-6, staff sergeant, from October 21, 1975, to date of judgment. We assume that plaintiff is now retired, his claim having been suspended while a test case was litigated, and we therefore hold him entitled to back pay and allowances only from the date of termination until he reached his 20 creditable years of service for retirement as an officer and subject to the aforesaid offset for his enlisted salary and allowances. During this period he is deemed by the court to be constructively reinstated to the grade of major on active duty. After the date of his retirement, a date not before the court, he is entitled to retired back pay as an officer, to date of judgment, and to continue on the retired rolls thereafter. His retired back pay will be reduced by what he has already drawn as a retired enlistee.
The foregoing conclusion is in accord with our decision in Doyle v. United States and Adams v. United States, 220 Ct. Cl. 285, 599 F. 2d 984 (1979), opinion modified, 220 Ct. Cl. 326, 609 F. 2d 990 (1979). In the opinion on those cases the court held that the selection boards without Reserve membership were illegally constituted and that promotion passovers by those 1974 and 1975 boards were unlawful and the Correction Board’s refusal to correct records, expunge passovers, restore plaintiffs to active duty, award back pay, and put an explanation in their records explaining the gap therein caused by the illegal separation, was arbitrary, capricious, and contrary to law. However, it was also held that the procedure for reconsideration by reconstituted selection boards afforded plaintiffs a fair and complete opportunity to be considered for promotion in the manner intended by statute and regulation. When passed over by the reconstituted boards, plaintiffs had received due process. Thus, the failures to be recommended for promotion by the 1974 and 1975 reconstituted selection boards were valid nonselections under AR 635-100. It was also held that—
*653 * * * Such officers who would have completed 18 or more years of active federal service by this release date are entitled to have their records corrected to show constructive service in accordance with AR 635-100, ¶ 3-65d. [220 Ct. Cl. at 318, 599 F. 2d at 1004.]
Plaintiff here falls squarely under that holding. Otherwise, when he was passed over by the second proper board and released from service, his rights to back pay would have terminated then.
it is therefore ordered that upon the authority of the Doyle and Adams cases and the authorities collected there, and upon consideration of the motions and briefs, without oral argument, plaintiff is entitled to back pay as outlined above for salary, allowances, and retirement, and to be retired in the grade of major. Plaintiffs motion for summary judgment is granted but without the claimed allowance of costs, interest, and attorney fees. Defendant’s cross-motion for summary judgment is denied. The case is remanded to the trial division for determination of the amounts of recovery pursuant to Rule 131(c). The Secretary of the Army is directed to correct plaintiffs records and to implement the relief set forth above and made a part of this judgment.