per curiam:
These are suits by reserve Army officers who were released from active duty in 1976 or 1977 on the ground that they had been twice passed over for promotion to the next higher temporary grade by Army promotion selection boards. They claim that these releases were invalid, and they seek reinstatement, back pay, and corree *730 tion of records. Both sides have moved for summary judgment and the cases have been orally argued.
The court is able at this time to decide only one of the several issues raised, and therefore decides that question alone, denying the remainder of both cross-motions without prejudice, and remanding the cases to the Trial Division for further proceedings.
1. The single issue we now decide is that plaintiffs are not entitled to prevail, under the doctrine of collateral estoppel, by reason of the decision of the United States Court of Appeals for the District of Columbia Circuit in Dilley v. Alexander, 603 F.2d 914 (1979), on rehearing, 603 F.2d 925, on motion for clarification, 627 F.2d 407 (1980). Though that case involved certain circumstances similar or parallel to those presented here, the two sets of cases are sufficiently different to preclude application of collateral estoppel. The pertinent years and boards differ in large part, important different facts are now asserted by the defendant and the Government makes some different arguments which are pertinent but which were not before the Dilley court. Moreover, proper account must be taken of this court’s rulings in Doyle v. United States, 220 Ct. Cl. 285, 599 F.2d 984, modified, 220 Ct. Cl. 326, 609 F.2d 990 (1979), cert. denied, 446 U.S. 982 (1980). Accordingly, collateral estoppel, on the basis of Dilley v. Alexander, cannot correctly be applied here so as to bar further litigation in these separate cases involving other officers than those in the Dilley case.
2. The court is, however, unable to decide, at this time and on the presentations made to us on the motions for summary judgment, the following issues in the present cases:
(a) whether plaintiffs, or any of them, waived any objection they might have to the manner in which the 1975 reconstituted promotion boards (involved here) considered primary zone officers.
(b) whether the Army’s determination as to how those boards should consider primary zone officers was illegal, arbitrary, capricious, or an abuse of discretion, so as to invalidate nonselections by those reconstituted boards.
(c) whether the members of the 1976 regular promotion boards (involved here) had knowledge that plaintiffs, or *731 any of them, had been passed over by the 1975 promotion boards.
(d) if any of the board members did have such knowledge, was such knowledge prejudicial in the circumstances of the Army’s practice and procedure:
(e) whether the 1976 regular promotion boards violated statutory or regulatory provisions in the number of reserve officers serving on those boards, so as to render invalid nonselection by those boards.
These issues, as well as any other questions remaining in the cases, are remanded to the Trial Division for further development and further proceedings.
3. For these reasons, the plaintiffs’ motion for summary judgment is denied and the defendant’s motion is granted on the question of alleged collateral estoppel through the decision in Dilley v. Alexander, supra. With respect to the rest of the cases, both motions for summary judgment are denied without prejudice and the cases are remanded to the Trial Division for further proceedings, as provided in paragraph 2, supra.
It is so ordered.