This is a military pay case. Plaintiffs motion and defendant’s cross-motion for summary judgment put in question the amount of damages owed to plaintiff, defendant’s liability having already been established in our order of February 15,1980* The parties raise two issues. First, whether the limitation of payment for 60 days of accrued leave under 37 U.S.C §501(f) is applicable and, second, whether an offset to plaintiffs recovery should be made for the reenlistment bonus plaintiff received after his illegal discharge. We agree with defendant that 37 U.S.C. §501(f) limits plaintiffs payment for accrued leave and that plaintiffs reenlistment bonus must be taken into account in determining plaintiffs recovery.[1]
In our earlier order we held that plaintiff was not "legally separated by action of the defective selection boards [and therefore he was] deemed to have constructively served until released according to law.” We therefore consider the contentions of the parties with the goal of *788 placing plaintiff in no worse, or better, position than if he had never been separated from the service.
Section 701(b) of 10 U.S.C. (1976) states:
(b) Except as provided in subsection (f) and subsection (g), a member may not accumulate more than 60 days’ leave. However, leave taken during a fiscal year may be charged to leave accumulated during that fiscal year without regard to this limitation.
And, 37 U.S.C. §501(f) (1976) provides, in part, that:
(f) The number of days upon which payment under subsection (b), (d), or (g) is based may not exceed sixty, less the number of days for which payment has been previously made * * *.
Defendant calculated plaintiffs annual leave settlement as follows: plaintiff accrued 123-1/2 days annual leave from November 20, 1975, to December 31, 1979, plaintiffs last day of active duty. Prior to November 19, 1975, the date of his illegal separation from the service, plaintiff accrued 53 days of leave. Therefore, if plaintiff had never been separated he would have accrued 176-1/2 days of leave. Plaintiff took 64 days leave after November 20, 1975, and was paid for 53 days when he was separated in 1975. The balance of leave due plaintiff was therefore 59-1/2 days (176-1/2 (minus) 64 (minus) 53 equals 59-1/2). Therefore, defendant calculated that plaintiff was entitled to a settlement for 7 days’ leave in order to bring plaintiff up to the maximum 60 days of leave allowed by 37 U.S.C. §501(f) (1976).
Plaintiffs calculation of the amount due for accrued annual leave only differs from defendant’s in that it does not subtract out the 53 days of leave for which plaintiff was paid when he was improperly separated. In his brief, plaintiff discusses the practices and policies of the Comptroller General in granting waivers to servicemen who owe the Government money for annual leave. Plaintiff then states that, while he is not claiming that we have the right to grant such a waiver, if the annual leave payments paid in 1975 are not recouped he will be more closely placed in the position he would have been if he had not been illegally separated. We disagree. It seems clear, and we so hold, that *789 defendant’s calculation places plaintiff in the position he would have been if he had not been separated in 1975; since, if he had not been separated in 1975, he would have been entitled to a payment for only 60 days’ annual leave.
The reenlistment bonus issue is not as clear cut as the annual leave question. After being separated from the service, plaintiff reenlisted and was paid a reenlistment bonus of $1,460 on November 20, 1975, pursuant to 37 U.S.C. §308 (1976). Subsection (a) of section 308 states, in part:
(a) A member of a uniformed service who—
* * * * *
(4) reenlists or voluntarily extends his enlistment in a regular component of the service concerned for a period of at least three years;
may be paid a bonus, * * *.
The conditions under which the service member would have to repay any, or all, of the bonus is outlined in subsection (d), which states:
(d) A member who voluntarily, or because of his misconduct, does not complete the term of enlistment for which a bonus was paid to him under this section shall refund that percentage of the bonus that the unexpired part of his enlistment is of the total enlistment period for which the bonus was paid.
(Although the text of 37 U.S.C. §308 has been repeatedly amended, no amendments from 1975 affect the outcome of the present case.)
There is nothing to indicate that plaintiff engaged in any act which would have required him to repay the bonus under subsection (d). However, there is also nothing to indicate that, if not for the illegal discharge plaintiffs career would have not followed the normal course of events for an officer in plaintiffs situation and, therefore, he would never have been in a position to receive the bonus. We, therefore, hold that in order for plaintiff to be placed in the same position as he would have been if he had never been separated from the service, the bonus must be recouped.
*790 it is therefore ordered, after hearing oral argument, that defendant’s motion for summary judgment is granted and plaintiffs motion for summary judgment is denied. The case is returned to the trial division for determination of the amount of plaintiffs recovery.
On April 30,1982 the court entered judgment for plaintiff for $21,459.79.

 Since we render a final judgment in this order, we need not reach plaintiffs arguments for a partial judgment.

 222 Ct. Cl. 646.