William L. PALMER

v.

The UNITED STATES.

No. 186–82C.

United States Claims Court.

Nov. 14, 1984.

Robert M. Wright, Baltimore, Md., attorney of record, for plaintiff; Whiteford, Taylor, Preston, Trimble & Johnston, Baltimore, Md., of counsel.

George M. Beasley, III, Washington, D.C., with whom was Acting Asst. Atty. Gen. Richard K. Willard, Washington, D.C., for defendant.

## OPINION

WOOD, Judge.

In this action, before the court on crossmotions for summary judgment, plaintiff, an Army Reserve officer released from active duty in 1980 following two nonselections for temporary promotion to the grade of lieutenant colonel, Army of the United States ("AUS"), sues to recover the basic pay and allowances of a major from and after the date of his relief from active duty.[1] He asserts that each of the selection boards that failed to select him for temporary promotion to the grade of lieutenant colonel was "void and illegal in that [it] failed to contain an appropriate number of reserve officers as members * * *," in violation of Section 266(a), Title 10, United States Code, as that statutory provision existed throughout 1979 and most of 1980,

and that his consequent release from active duty was therefore unlawful.[2]

In July 1984, following the completion of briefing, but prior to oral argument on the pending motions, proceedings herein were, at plaintiff's request, and with defendant's consent, formally suspended pending action by the Supreme Court of the United States on a petition for a writ of certiorari in *Bockoven v. Marsh,* 727 F.2d 1558 (Fed.Cir. 1984). The stated reason for the request was that the decision in *Bockoven* (if permitted to stand) "would appear to be dispositive of the issues presented * * *" in this case.

The petition has now been denied. *Bockoven v. Marsh,* —— U.S. ——, 105 S.Ct. 245, 83 L.Ed.2d 183 (1984). At a status conference held October 31, 1984, to discuss, among other things, the impact of *Bockoven* on this case, counsel for both parties advised the court that neither further briefing nor oral argument was desired. By order, filed November 1, 1984, the court vacated the existing suspension of proceedings, and informed the parties that the case would be decided on the briefs, and without oral argument, in due course.

Having considered the briefs and arguments of the parties, the decision in *Bockoven,* and the undisputed facts of this case, the court concludes that plaintiff's motion for summary judgment should be denied, and that defendant's motion for summary judgment should be granted. The complaint will be dismissed pursuant to RUSCC 58.

## FACTS

While serving on active duty in the Army in the grade of major, plaintiff was con-

1. Plaintiff also seeks other relief by way of an order, directed to the Secretary of the Army, pursuant to 28 U.S.C. § 1491(a)(2) (1982).

2. Prior to its amendment toward the end of 1980, section 266(a) required that each board convened to consider Army Reserve officers for promotion "include an appropriate number of Reserves, as prescribed by the Secretary concerned under standards and policies prescribed by the Secretary of Defense." *See Bockoven v. Marsh,* 727 F.2d 1558, 1563–64 (Fed.Cir.1984), *cert. denied,* —— U.S. ——, 105 S.Ct. 245, 82

L.Ed.2d —— (1984). Department of Defense Instruction ("DOD Inst.") 1205.4 (1959) directed that the Secretary "provide in the membership of [Reserve selection] boards to the fullest practicable extent a fair and adequate representation of members from the reserve components." *Id.,* 727 F.2d at 1564. Army Regulation 624–100, ¶ 2–5a, May 1, 1979, in turn provided that a selection board considering other than Regular Army officers for promotion would have at least one Reserve member.

sidered, but not selected, for temporary promotion to the grade of lieutenant colonel, AUS, by a selection board convened in 1979. That board considered some 2,826 officers for promotion; 718 of those officers, or about 25 percent of the total number considered, were Reserve officers. Of the 15 members constituting the 1979 lieutenant colonel, AUS, selection board, three (or 20 percent of the total membership) were Reserve officers.

Plaintiff was again considered, but not selected, for temporary promotion to the grade of lieutenant colonel by a selection board convened in 1980. That board considered some 2,581 officers for promotion; 715 of those officers, or about 28 percent of the total number considered, were Reserve officers. Of the 15 members constituting the 1980 lieutenant colonel, AUS, selection board, two (roughly 13 percent of the total membership) were Reserve officers.

On October 22, 1980, plaintiff was released from active duty by reason of having twice failed of selection for temporary promotion to the grade of lieutenant colonel pursuant to the provisions of Army Regulations 635–100 and 624–100, providing, in substance, that Reserve officers twice passed over for promotion to the same temporary rank would be released from active duty or, if appropriate, retired. *See Doyle v. United States*, 220 Ct.Cl. 285, 599 F.2d 984, *modified*, 609 F.2d 990 (1979), *cert. denied*, 446 U.S. 982, 100 S.Ct. 2961, 64 L.Ed.2d 837 (1980).

## DISCUSSION

In essence, plaintiff contends that pursuant to section 266(a), requiring an "appro-

priate number" of Reserve selection board members, the proportion of Reserve members on his 1979 and 1980 selection boards had to be "roughly equal" to the proportion of Reserve officer personnel being considered for promotion by those boards. He urges that neither the 1979 nor the 1980 board composition met the "roughly equal" requirement.[3] Accordingly, he concludes, both his 1979 and 1980 failures of selection for temporary promotion by illegally constituted selection boards, and his consequent release from active duty, were invalid and unlawful.

■ In light of *Bockoven*, that argument is no longer open to plaintiff. There, the Court of Appeals for the Federal Circuit carefully considered, and flatly rejected, the argument that section 266(a)

> * * * required the Secretary of the Army to appoint to selection boards the number of reservists that was proportionately equal to the number of reservists the board would consider. To the contrary, we conclude that the statute gave the Secretary substantial discretion to determine what constitutes an "appropriate number" of reservists and that the appellants have not shown that the number of reservists on the 1976 boards [there involved] was not "appropriate."[4]

*Bockoven*, 727 F.2d at 1564. The court went on to hold that Congress intended to give the Secretary broad authority to specify what constituted an appropriate number of reservist board members, and explicitly disapproved the adoption, in *Teeter v. Marsh*, Civ. No. 80–2670 (D.D.C. August 29, 1983) of the same "roughly equal" test here urged.[5] *Id.*, at 1565–66.

---

**3.** As plaintiff sees it, the 1979 board should have had four rather than only three Reserve members, and the 1980 board should have had four rather than two.

**4.** The 1976 lieutenant colonel, AUS, selection board had 15 members, two of whom (or 13.3 percent) were Reserve officers. Some 33.1 percent of the officers that selection board considered were reserves.

**5.** *Teeter v. Marsh* involved the same 1979 and 1980 lieutenant colonel, AUS, selection boards

that considered, but did not select, plaintiff Palmer. In adopting the "roughly equal" test, the District Court concluded that the 1979 selection board was properly constituted, but deferred ruling on the legality of the 1980 board. Following *Bockoven*, the government's motion for summary judgment was granted with respect to the 1980 board as well, and the complaint was dismissed. *Teeter v. Marsh*, Civ. No. 80–2670 (D.D.C. February 29, 1984), *appeal docketed*, No. 84–1433 (Fed.Cir. July 12, 1984).

Here, as in *Bockoven*, plaintiff has not shown, and indeed has not even argued, that "apart from the 'roughly equal' standard, the number of reservists on the [1979 and 1980] boards was not an appropriate number, * * * or that they did not provide 'a fair and adequate representation of members of the Reserve components' * *." *Bockoven*, 727 F.2d at 1566. Here, too, "that is the end of the matter." *Ibid.*