In this case, which is before the court on cross-motions for summary judgment, plaintiff challenges her release from extended active duty in the Air Force Nurse Corps in *921 1973, following her being passed over for promotion to the temporary rank of major by two selection boards.
Plaintiff, a nurse who had been on extended active duty as a reserve captain, twice was relieved from active duty as a result of two passovers to major. On the first occasion, she was passed over by selection boards in April 1969 and December 1970. The Air Force Board for the Correction of Military Records ("Correction Board”) held in October 1971 that three of the Officer Effectiveness Reports ("OERs”) in plaintiffs records before the selection boards were erroneous and ordered them expunged, voided her two passovers and her release from active duty, and directed that all references to her prior consideration for promotion to temporary major be removed from her records.
Following plaintiffs restoration to active duty, selection boards in November 1971 and August 1972 again passed her over for promotion to the temporary rank of major. She was released from extended active duty in July 1973. Plaintiff then filed an application with the Correction Board, seeking invalidation and removal of three other OERs, correction of another OER or its removal, voiding of her passovers in 1971 and 1972, reinstatement on active duty, and promotion to major. The Correction Board denied all relief.
In her suit in this court, the plaintiff seeks the invalidation and removal from her record of the four OERs, the voiding of her two passovers, reinstatement to active duty, and back pay.[1] Her briefs in this court, of more than 300 pages, challenge the decision of the Correction Board on a multitude of grounds, none of which requires extensive discussion.
1. Plaintiff contends that the four OERs were erroneous and should be removed from her records because they did not accurately reflect her performance. She relies primarily upon statements by officers who rated her, made long after their initial evaluation, that those evaluations did not correctly reflect her performance. She also charges that her evaluations were lower than they should have been because the rating officers were members of a nurses’ *922 clique of which she was not a member. The Correction Board considered these contentions, but found them insufficient to warrant invalidation of the OERs. Here, as in Tanaka v. United States, 210 Ct. Cl. 712, 713 (1976), cert. denied, 430 U.S. 955 (1977), we cannot say that the Correction Board abused its discretion in "attach[ing] more weight to an original OER than to a subsequent attempt by its writer to modify it as to matters of opinion only.” See also Savio v. United States, 213 Ct. Cl. 737, 740 (1977); Reid v. United States, ante at 864.
2. Plaintiff asserts that the Correction Board committed legal error by failing to grant her a hearing. Plaintiff submitted two lengthy briefs to the Board, totaling more than 80 pages, and she has not shown that the procedures the Board followed denied her the opportunity to present any facts or argument. The Board was not required to hold a hearing. Flute v. United States, 210 Ct. Cl. 34, 40-41, 535 F.2d 624, 627-28 (1976).
3. Plaintiff next contends that the Correction Board had improper ex parte contacts with the Officer Personnel Record Review Board ("Review Board”). This contention relates to the request of the Correction Board that the Review Board furnish it with additional information and recommendations regarding the plaintiff, which the Review Board did. The seeking of such information was authorized by the Correction Board’s regulations, which permit that board to "obtain such further information as it may consider essential to a complete and impartial determination of the facts and issues.” A.F.R. 31-3, ¶ 17(b). Plaintiff had the opportunity to review the Review Board’s comments, and she submitted a lengthy reply to the Correction Board. There was nothing improper in the Correction Board’s seeking and the Review Board’s submitting this material. Cf. Flute v. United States, supra; Weiss v. United States, 187 Ct. Cl. 1, 408 F.2d 416 (1969); Proper v. United States, 139 Ct. Cl. 511, 154 F. Supp. 317 (1957).
4. As previously noted, when the Correction Board in 1971 invalidated three of plaintiffs OERs and set aside her passovers in 1969 and 1970, it directed that all references to her prior consideration for promotion to temporary major be removed from her records. The government *923 concedes that this directive was not fully complied with, since the Air Force failed to remove a notation in plaintiffs record indicating that a selection board had considered her for promotion in December 1970, and that this failure constituted "error.” It argues, however, that plaintiffs failure to raise this point before the Correction Board precludes her from urging it before the court. We agree.
The plaintiff in a military pay case who seeks correction of his military records is not required to seek relief from the Correction Board before instituting suit in this court. See Savio, supra at 739, Mathis v. United States, 183 Ct. Cl. 145, 148, 391 F.2d 938, 939 (1968). Where, however, he invokes the Correction Board’s jurisdiction and fails to present a particular claim to the Board, the situation may be quite different. Sound administrative and judicial practice counsel that ordinarily a party who has gone to the Board should not be permitted to raise in this court issues he could have raised before the Board that the Board could have entertained — at least in the absence of a compelling reason for his failure to do so. Cf. Doyle v. United States, 220 Ct. Cl. 285, 311-12, 599 F.2d 984, 1000-01 (1979), cert. denied, 446 U.S. 982 (1980).
Plaintiff has offered no explanation, reasonable or otherwise, for her failure to raise this issue before the Board. She had ample opportunity to do so in the more than 80 pages of briefs filed there. Had she raised the issue, the Board could have determined whether the error was prejudicial or harmless. In the circumstances, we conclude that she cannot now raise the issue before this court.
The defendant’s motion for summary judgment is granted, plaintiffs cross-motion for summary judgment is denied, and the petition is dismissed.
Plaintiffs motion for rehearing and suggestion for rehearing en banc and for other relief was denied January 11, 1980.

 Her petition also sought promotion to major. The court granted the defendant partial summary judgment in that claim. Order of January 30, 1976, 208 Ct. Cl. 1040.