This case is before the court on review of the report of Trial Judge Kenneth R. Harkins. After consideration of the briefs and oral argument, we reject the recommended decision of the trial judge and order the case remanded to the Air Force Board for the Correction of Military Records.
Plaintiff was a captain in the Air Force when he resigned on March 30,1972, as a result of being twice passed over for promotion to the rank of major. See 10 U.S.C. §§ 8299(h) and 8303(d) (1976). He thereupon reenlisted on June 19, 1972, and served until May 1,1976 (in a noncommissioned status); and after completion of 20 years of active service retired in the grade of captain.
Plaintiff was nonselected for promotion to temporary major by selection boards convened August 16,1967; July 8, 1968; April 21, 1969; and December 7, 1970. He was *740 nonselected for promotion to permanent major by selection boards convened July 27, 1970, and August 16,1971. Relief was sought from and denied by both the Officer Personnel Records Review Board and the Air Force Board for the Correction of Military Records (AFBCMR).
Judgment is sought in this court for the pay and allowances of a captain from March 30, 1972, to May 1, 1976, an order to set aside the actions of the corrections board, and correction of his military records.
Both before the administrative bodies and our trial division plaintiff objected to two Officer Efficiency Reports (OERs), for the period covering August 29, 1962, through August 28, 1963, and for January 6, 1969, through July 15, 1969. The objections raised by plaintiff were in the nature of challenges to the raters’ factual observations, the objectivity of the raters, or the raters’ understanding of the rating process. These objections were denied by the administrative bodies, which denial was approved by the trial judge.
The trial judge, however, recommended relief on an alleged defect he raised sua sponte. He recommended the OER covering August 29, 1962, through August 28, 1963 (1962-1963 OER) be found defective for noncompliance with Air Force Manual 36-10 (July 25, 1962) (AFM 36-10). Specifically, the trial judge found the 1962-1963 OER failed to present a "substantially complete and fair record” of plaintiffs service during the review period due to erroneous entries in sections I (period of supervision), II (description of duties), and VII (comments) of the contested OER. See Sanders v. United States, 219 Ct. Cl. 285, 310, 594 F.2d 804, 818 (1979). Plaintiff was represented by counsel throughout all the relevant phases of this controversy, and at no time did counsel raise the objections cited by the trial judge.
As we see it, the factual center of this dispute is that the rater supervised plaintiff only during the period August 29, 1962, through January 7, 1963. After January 7, 1963, plaintiff served as an air liaison officer in Saigon and was thereby physically separated from his detachment. From January 7 to March 10, 1963, plaintiff served as an air liaison officer to two organizations, viz., the United States Army Special Forces Headquarters and the Combined *741 Studies Division (CSD). CSD was a classified operation of the Department of Defense. From March 10 to May 1,1963, plaintiff was an air liaison officer solely with CSD, in Saigon. Thereafter, plaintiff remained a member of the 1st Air Commando Group but was stationed at Eglin Air Force Base, Florida.
The gist of the trial judge’s recommended decision is that the OER is defective because the rater did not actually supervise plaintiff throughout the entire 12-month period covered by the OER and there were no letters of evaluation (LOEs) from other supervisors. Yet under these facts, it is far from clear that AFM 36-10 mandates the inclusion of any LOEs. For example, paragraph 5-10,[1] generally states only that such letters "should” or "should normally” be obtained. Mandatory language is not used.[2] As such, under certain facts the rater has discretion in requesting an LOE.[3] Of particular importance here, CSD was a highly classified operation; and AFM 36-10, ¶6-2 prohibits the inclusion of classified materials in an OER. Hence we find under these *742 facts the AFBCMR might have found an exemption from the LOE attachment due to the classified nature of CSD.
Moreover, we find the fact the rater did not actually supervise plaintiff for 12 months (but the OER noted it covered a 12-month period) is insufficient, by itself, to grant the relief sought by plaintiff.[4] We are especially inclined to rule in this manner because we are not convinced by the arguments presented to us that the promotion boards would give a disproportionate weight to the rater’s comments merely because the period covered by the OER and that period of actual supervision by the rater are not coterminous. We tend to agree with defendant that a reading of the entire OER, especially the endorser’s comment, reveals the rater’s comment was not representative of a pattern of plaintiffs conduct. Thus, we prefer this objection, as the above-discussed LOE issue, be considered by the AFBCMR. At this time then it is premature to order the relief recommended by the trial judge. If the issue had been raised by plaintiff, defendant could possibly have produced proof showing sufficient reasons why no LOEs were attached by plaintiffs other commanders. Thus this is something which needs further proof as the required presence of an LOE must be adduced from facts not presently before us.[5]
Defendant argues, based on Doyle v. United States and Adams v. United States, 220 Ct. Cl. 285, 311-12, 599 F. 2d 984, 1000-1001 (1979), modified, Ct. Cl. Nos. 131-77 and 275-77 (order entered September 28, 1979), further modified, 220 Ct. Cl. 326, 609 F.2d 990 (1979), cert. denied, 446 U. S. 982 (1980), that plaintiff has waived the objections raised sua sponte by the trial judge by his failure to present it before the AFBCMR. We, however, find the instant case distinguishable from Doyle. In Doyle the court was concerned with the possibility of manipulation of forums by plaintiffs, i.e., withholding matters for use in the event of *743 an appeal where, assumedly, it is believed the withheld matters will be more favorably received. Id. at 311-12, 599 F. 2d at 1000-1001.[6] See also Borgford v. United States, 221 Ct. Cl. 920 (1979). These justifiable concerns are not present here because plaintiff never even raised the relevant alleged violations; they were raised sua sponte by the trial judge. Thus we feel it safe to assume the claim was not known by plaintiff until he read the trial judge’s report. In such an event, we need not fear the problems articulated in Doyle.[7] Therefore, while it is within our discretion to decide this case solely on the factual arguments presented to the AFBCMR and the trial judge, we also may order a remand if justice will be served by so doing. Stewart v. United States, 222 Ct. Cl. 42, 51-52, 611 F. 2d 1356, 1361 (1979).
We feel the objections raised by the trial judge are serious and deserving of consideration. As we stated earlier, we decline to follow the trial judge’s recommended result because there may be facts not before us which would materially impact the ultimate legal conclusion. As such, a remand is indicated. Furthermore, we believe it is appropriate to remand this to the AFBCMR. The AFBCMR will be able to consider the objections perceived by the trial judge and determine, under facts developed there, whether relief is warranted. Additionally, the AFBCMR will be able to apply such facts and measure their impact on the "whole record” of plaintiff. See Hary v. United States, 223 Ct. Cl. 10, 618 F. 2d 704 (1980).
it is therefore ordered, after consideration of all the arguments of the parties, that the case is remanded to the Air Force Board for the Correction of Military Records to be considered in light of the objections raised by the trial judge, consistent with the foregoing order.

 "5-10. LETTER OF EVALUATION. There are some instances when a reporting official does not have the opportunity directly to observe a subordinate’s performance and personal qualities, but in which the subordinate’s performance is observed by others acting in a supervisory capacity. Under these circumstances, the reporting official should normally request a letter of evaluation from the person familiar with the manner of duty performance of the officer being reported on. If there is no person sufficiently familiar with the duty performance of the officer being reported on to prepare a letter of evaluation, the reporting official will prepare the report based on the information available to him.
"a. When to Request a Letter of Evaluation. A letter of evaluation should be requested under the following circumstances:
"(1) When the officer being reported on is geographically separated from the reporting official and observation is limited to reports and infrequent visits, or when the officer is performing duty which does not conform to the normal chain of command, a letter of evaluation will be obtained. This provision does not apply to reports rendered on base commanders.
"(2) When the officer being reported on is required to spend the majority of his time performing additional duty outside of his primary unit of assignment and is under another supervisor, a letter of evaluation should normally be obtained.
"(3) When the officer being reported on is on extended temporary duty, a letter of evaluation should normally be obtained.” [Emphasis supplied.]

 Paragraph 5-10a(l) states that an LOE "will be obtained.” It is unclear from the facts before us whether this subparagraph applies here. If it does apply to plaintiff, we feel it is subject to the proscription against publication of classified information, AFM 36-10, U6-2. Thus, this issue as well must await the determination whether, on facts not before us, there was an overriding security exception to the attachment of an LOE.

 We note there appears to be no method for the reporting official to require the LOE be sent (and it is so argued by the defendant). The reporting official only requests an LOE. It is unknown whether any LOEs were in fact requested but not sent.

 Plaintiff was observed by the rater for at least 90 days; thus, under, e.g., AFM 36-10, ¶|2.2 a & b, defendant argues, the OER was proper. We do not rule on the correctness of this allegation, but we do feel this objection does not independently constitute a failure to present a "substantially complete and fair record.” Sanders v. United States, supra at 310, 594 F. 2d at 818.

 As such, we find the objections raised by the trial judge are mixed questions of law and fact, not solely of law.

 In Doyle the court stated:
"A party is not entitled to many independent chances to prevail, and his voluntary choice will often determine the extent of a court’s review. * * * [PJlaintiffs are required to voice their objections in such a way that the Secretary or Correction Board is aware of problems, well known to plaintiffs, in the manner a remedy is effectuated before it is effectuated. Plaintiffs could not stand on their objections waiting to see if they were retroactively promoted by the new boards and only upon the new boards’ adverse recommendations, contend that the remedy did not achieve its intended result. Plaintiffs cannot have their cake and eat it too.” [220 Ct. Cl. at 311-12, 599 F. 2d at 1000-1001; citations omitted.]

 We would probably reach a different result if plaintiff had raised this argument before the trial judge or the court.