**Noyes S. BISHOP, Jr.**

v.

**The UNITED STATES.**

**No. 359–80C.**

United States Court of Claims.

March 24, 1982.

---

Keith A. Rosenberg, Washington, D. C., attorney of record, for plaintiff. Newrath, Meyer & Faller, P. C., Washington, D. C., of counsel.

Sara V. Greenberg, Washington, D. C., with whom was Asst. Atty. Gen. J. Paul McGrath, Washington, D. C., for defendant. Major Michael J. Nardotti, Jr., U. S. Dept. of the Army, Washington, D. C., of counsel.

Before COWEN, Senior Judge, and DAVIS and BENNETT, Judges.

## ON THE PARTIES' CROSS–MOTIONS FOR SUMMARY JUDGMENT

COWEN, Senior Judge.

Plaintiff is a former major in the United States Army who was released from active duty on November 1, 1974, following his twice nonselection for promotion to the next higher permanent grade. In his motion for summary judgment, plaintiff challenges his release from active duty on the grounds that an Officer Efficiency Report (OER) considered by the two selection boards is void because: (1) he was rated by the wrong rater and that under the facts, a deviation from the regular rating scheme was unauthorized, and (2) that the Army retroactively changed his designated rater contrary to regulation. Thus plaintiff contends his nonselections are illegal. Plaintiff seeks retroactive restoration to active duty, back pay, and other relief. Defendant argues that plaintiff's claim is barred by laches, and alternatively, that plaintiff has failed to prove any material legal error. After consideration of the parties' oral arguments and briefs, we conclude that the

case should be remanded to the Army Board for the Correction of Military Records.

## I.

Following a brief tour of inactive duty in the United States Navy in 1955 and 1956, plaintiff enlisted in the United States Army on March 18, 1958. After attending Officer Candidate School, he accepted an appointment as a second lieutenant in the United States Army Reserves. He was appointed to the Regular Army on October 27, 1966, and promoted to the temporary grade of major on September 25, 1967.

During the period from June 11 to December 22, 1967, plaintiff served as an assistant training officer in the Fifth Infantry Division, Fort Carson, Colorado. On May 14, 1970, plaintiff appealed an OER he received for this period on the grounds that the rater, Lt. Col. Kimball, was not in a position to rate him until September 9, 1967. The rater commented that plaintiff was confronted with emotional problems which seriously interfered with the performance of his duties, and that although he had the potential for exceptional or outstanding performance, he had not demonstrated it in his last assignment. On May 14, 1971, the Army determined that plaintiff was correct and amended the OER to reflect only the period from September 9, 1967 to December 22, 1967. The Army then obtained a delayed OER on plaintiff for the period from June 11, 1967 to September 7, 1967, from Major Richard Cropper, the officer plaintiff alleged to be his proper rater for the period from June 11 to September 7, 1967. In the narrative portion of the OER, Major Cropper stated as follows:

* * * Major Bishop performed these duties in a marginally satisfactory manner. He appeared to be under heavy emotional strain from his personal affairs and as a result was not dependable in all situations. * * * Major Bishop demonstrated his potential while on a division field training exercise by working in the division tactical operations center in an excellent manner. *. * * Major Bishop has the potential to develop into a competent staff officer.

On September 9, 1974, plaintiff filed another appeal to remove both OERs from his records. The Special Review Board of the Office of the Deputy Chief of Staff of Personnel (DCSPER) ordered the removal of the delayed OER covering the period from June 11, 1967 to September 7, 1967, on the grounds that a report rendered more than 4 years after the rating period was "highly suspect." However, the Special Review Board denied plaintiff's request to delete the September-December 1967 OER on the ground that it was time-barred, and the OER was returned to his records. Meanwhile, plaintiff had twice been considered but not selected for promotion, and was honorably discharged on November 1, 1974.

On January 3, 1977, plaintiff filed an application with the Army Board for the Correction of Military Records (ABCMR) seeking removal of the September-December 1967 OER and retroactive promotion. Plaintiff alleged that Lt. Col. Kimball, his rater on this OER, was the wrong rater according to Army Regulation 623–105. The ABCMR referred plaintiff's file to the DCSPER Special Review Board and a Standby Advisory Board for advisory opinions.

The Special Review Board concluded that there had indeed been a deviation from the normal rating scheme, but that such deviation was in plaintiff's best interest, because of personal circumstances existing between plaintiff and Major Cropper, his designated rater. The Special Review Board found that the deviation was indirectly authorized by AR 623–105 and that although it was unable to establish when Major Cropper stopped being the rater and Lt. Col. Kimball became the rater, this detail was not considered germane to the application or an adverse reflection on Lt. Col. Kimball's judgment or objectivity. The Standby Board considered plaintiff for promotion on the basis of a record that did not contain the contested OER and advised the Correction Board that it would not recommend plaintiff for promotion under the 1973 se-

lection board criteria but that it would recommend plaintiff for promotion under the 1974 criteria.

On October 4, 1978, the ABCMR conducted a hearing at which plaintiff testified that Major Cropper told him on December 23, 1967 that he (Cropper) would be preparing plaintiff's OER. Plaintiff also stated that he had very little contact with Lt. Col. Kimball or the indorser of the OER, and that the deviation from reporting channels "was retroactive to [his] duty performance." The Board concluded, in part, as follows:

2. That although the applicant may not have been rated by the designated rating official, it appears that there were circumstances of a personal nature, between the applicant and the designated rater, that made it inappropriate for that individual to rate the applicant; that under such circumstances the designation of another officer to render an OER on the applicant for the period, appears to have been appropriate.

3. That the individual who did rate the applicant had apparently been in a position to observe the applicant's manner of performance during the period in question, as evidenced by the fact that the applicant stated in his appeal of 14 May 1970 that the rater was in such a position from 9 September 1967.

4. That no creditable evidence has been presented to show that the contested report does not reflect an accurate and valid appraisal of the manner of his performance during the period.

5. That in consideration of the foregoing findings and conclusions, there is insufficient evidence of an error or injustice to warrant the removal of the contested OER from the applicant's official military personnel file, or for promoting him to the Regular Army grade of major.

Plaintiff alternatively sought correction of his records to show that he was eligible for re-enlistment consistent with governing statute and regulation. The Board granted plaintiff this relief.

On December 10, 1978, plaintiff filed a request for reconsideration by the Correction Board, submitting a letter from then retired Major Cropper dated December 3, 1978. In that letter, Major Cropper stated that he was plaintiff's immediate supervisor during the period at issue and that, upon plaintiff's departure from the section, Lt. Col. Kimball directed him not to write plaintiff's efficiency report. The letter went on to say that "no matter of personal nature existed" between Major Cropper and plaintiff at the time of the OER and that plaintiff's "performance of duty was exceptional."

In its decision of December 20, 1978, the Board referred to its earlier conclusion that circumstances of a personal nature between appellant and the designated rater (Major Cropper) made it more desirable for another individual to rate him, and also that the individual who actually made the rating had apparently been in a position to rate him and to render a valid appraisal of him. The Board apparently gave little or no credence to the letter from Major Cropper, noting that it was apparently solicited and made more than 4 years after the event, when Major Cropper was in a retired status. Plaintiff's request for reconsideration by the Board was denied on January 11, 1979. Plaintiff's request for relief from the Secretary of the Army was similarly denied on March 29, 1979. Plaintiff filed suit in this court on July 10, 1980.

## II.

We first consider defendant's contention that plaintiff's claim is barred by the doctrine of laches.

While pursuit of administrative relief in the case of a military discharge is a permissive, rather than a mandatory, remedy and does not toll the running of the statute of limitations, this court has recognized that "in military cases it would be improper and erroneous * * * to apply laches in a way that would spur the commencement of suit as soon as discharges become final, before the results of seeking administrative relief are known." *Cason v. United*

*States,* 200 Ct.Cl. 424, 432, 471 F.2d 1225, 1230 (1973). Plaintiffs should not be penalized for pursuing less costly and more expeditious means of relief, and the military should have a fair chance to correct its mistakes. *Id.*

A review of the facts reveals that for the most part, plaintiff has steadily pursued his administrative remedies since he first saw the 1967 OER in May 1970. The Army advised him that he had changed duty as of September 8, 1967, and as a consequence, the original rating period was split and a delayed report was obtained from Major Cropper covering the period from June 11, 1967 to September 7, 1967. Plaintiff did not attempt to have the delayed OER removed from his records, because it was not until after his return from a second tour of duty in Vietnam in February 1973, that he discovered an Army memorandum dated January 22, 1971, substantiating the fact that he had not had a change of duty as of September 8, 1967. With this information, he submitted his second appeal in 1974, which was denied on October 16, 1974, with respect to the September to December 1967 OER. As previously stated, his records were sent for promotion re-evaluation to the Army Standby Advisory Board, which considered him for promotion on October 31, 1974, under both the February 1973 and March 1974 criteria. On January 3, 1977, approximately 2 years and 2 months after his discharge, he filed an application with the ABCMR which denied the application by a decision of which he was notified on November 8, 1978. On December 10, 1978, he filed his application for reconsideration, which was again denied by the Board on December 20, 1978. He filed suit on July 10, 1980.

In view of the foregoing facts, we find that there exists here no unreasonable or inexcusable delay which requires the dismissal of plaintiff's claim on the ground of laches. *See Deering v. United States,* 223 Ct.Cl. 334, 620 F.2d 242 (1980).

### III.

We now turn to the merits of plaintiff's claim. The standard of review applicable to a decision of the ABCMR as set forth in the *Sanders* case is:

> * * * Once a plaintiff has sought relief from the Correction Board, such plaintiff is bound by that board's determination unless he can meet the difficult standard of proof that the Correction Board's decision was illegal because it was arbitrary, or capricious, or in bad faith, or unsupported by substantial evidence, or contrary to law, regulation, or mandatory published procedure of a substantive nature by which plaintiff has been seriously prejudiced, and money is due.

*Sanders v. United States,* 219 Ct.Cl. 285, 298, 594 F.2d 804, 811 (1979).

█ Plaintiff challenges the decision of the Correction Board on the grounds that the challenged OER violates Army Regulation 623–105. Specifically, plaintiff argues that Major Cropper, not Lt. Col. Kimball, was his proper rater and that the decision not to allow Major Cropper to rate plaintiff because of "circumstances of a personal nature" was based on unconfirmed hearsay evidence. Plaintiff further contends that even assuming that such "circumstances" did exist between plaintiff and his designated rater justifying a deviation from the usual rating scheme, such deviation was retroactive, in violation of AR 623–105 ¶ 3 *d,* which provides:

> Specific reporting channels are established and published at each level of command. When commanders deem it justifiable to deviate from the organizational structure for reporting purposes, changes to reporting channels will not be retroactive.

Plaintiff says the error was not harmless and that the challenged OER had a substantial impact upon plaintiff's nonselections for promotion.

Defendant argues that the only evidence plaintiff submitted to the ABCMR to prove that the change in rater was retroactive was his own self-serving testimony at the Board hearing and the letter from Major Cropper which he submitted to the Board in support of his request for reconsideration.

This evidence, says defendant, is insufficient to warrant a reversal of the Correction Board's decision. Furthermore, defendant maintains that the deviation in reporting channels was entirely justified and clearly allowed by AR 623–105 ¶ 6a(1) which provides:

Efficiency reports will be prepared by immediate superiors in the chain of command or staff who are in positions to have personal or official knowledge of the duty performance of the rated officer. In some cases the immediate superior may not be an officer of the unit to which the rated officer is assigned but may be the supervisor for the principal duty which the rated officer is performing.

The change in rater, defendant contends, was made in plaintiff's best interest and the resulting OER presented an objective and accurate evaluation of plaintiff's performance.

Plaintiff has failed to establish that the deviation from the regular rating procedure was unauthorized. Such a deviation is permitted by the regulations under the facts as found by the Board, and these facts are supported by substantial evidence. It was the function of the Board to determine the credibility of the witnesses, including the plaintiff. Likewise, it was entirely within the province of the Board to determine what weight should be given to Major Cropper's letter of December 3, 1978, which was written some 11 years after the period covered by the rating.

## IV.

■ Plaintiff's contention that the challenged deviation was made retroactively in violation of the regulation quoted above, presents a more difficult question. As far as we can ascertain, the Board made no finding on the issue of retroactivity. Therefore, we cannot determine upon the present record whether the rating was in fact retroactively made, and if so, whether this had a substantial and prejudicial impact on plaintiff's nonselection for promotion. Under these circumstances, we deem it appropriate to grant defendant's alternative request and remand the question to the ABCMR. *Sanders v. United States*, 207 Ct.Cl. 962 (1975); *Horn v. Schlesinger*, 514 F.2d 549 (8th Cir. 1975); *Doyle v. United States*, 220 Ct.Cl. 285, 311, 599 F.2d 984, 1000 (1979).

IT IS THEREFORE ORDERED that plaintiff's and defendant's motions for summary judgment are denied without prejudice, and that this case is remanded to the Army Board for the Correction of Military Records, with instructions to make findings of fact and conclusions of law on the following questions:

1. Was the OER rating of September 9–December 22, 1967 made retroactively in violation of AR 623–105 ¶ 3 *d*; and

2. If the Board finds that the OER was retroactively made, whether the failure to comply with the regulation was harmless, or whether it substantially affected the decision to separate plaintiff.

On remand, the Board shall consider the record heretofore made, and in its discretion, may grant a hearing and consider such other evidence and materials as may properly be presented by the parties. After completion of the Board's proceedings, the record thereof shall be presented in the normal course for action by the Secretary of the Army.

These proceedings are stayed for a period not to exceed 6 months from the date of this decision, pending the Board's reconsideration on remand. Pursuant to Rule 149(f), counsel for plaintiff is designated to advise the Clerk and opposing counsel of the status of the proceedings on remand at intervals of 90 days or less, beginning with the date of this decision. The attention of both parties is called to Rule 150(d), which requires each party to file with the Clerk a notice after the completion of the proceedings on remand.