James **TANNEHILL II**, Plaintiff,

v.

**UNITED STATES**, Defendant.

No. 298–87.

United States Claims Court.

Oct. 3, 1989.

James Tannehill II, Colorado Springs, Colo., pro se.

Catherine A. Christman, Washington, D.C. with whom was the Asst. Atty. Gen., for defendant.

## OPINION

HORN, Judge.

This military pay case comes before the court on defendant's Motion to Dismiss for lack of subject matter jurisdiction. Plaintiff, James Tannehill, II, seeks back pay, reinstatement in the Air Force, and correction of his military records. He claims that he was improperly required to choose between accepting a permanent change of duty station or applying for retirement, and that his application for retirement was

improperly processed. Defendant, in its motion to dismiss, alleges that plaintiff's retirement from the Air Force was voluntary, and therefore, the United States Claims Court lacks jurisdiction over this case.

After careful consideration of the briefs filed by the parties, the oral argument on the Motion to Dismiss, consideration of the numerous supplemental filings submitted by the plaintiff, and responded to by the defendant, and for the reasons discussed below, the court concludes that it does not have jurisdiction to hear plaintiff's case. Accordingly, the defendant's Motion to Dismiss is, hereby, GRANTED.

## BACKGROUND

On May 14, 1982, plaintiff, serving as an Air Force Lieutenant Colonel assigned to the North American Defense Command, Peterson Air Force Base, Colorado, was notified of his selection for a permanent change of station to Ellsworth Air Force Base, South Dakota. He was also informed of his Seven–Day Option, under Air Force Regulation (AFR) 36–20, ¶ 3–17. Under this regulation, plaintiff had seven days in which to accept his reassignment or to apply for retirement. During this time, he made unsuccessful attempts at having the reassignment cancelled, arguing that other officers were more eligible and that the vacancy at Ellsworth had been improperly created.

On May 28, 1982, plaintiff submitted an application for "voluntary retirement," with the following note: "This retirement application is submitted under protest and in lieu of accepting an assignment to Ellsworth AFB, of which I was notified 21 May 1982 [sic], and for which I am not the most eligible according to AFR 36–20, paragraphs 3–1 and 3–5."[1] Plaintiff's application for retirement was approved, and plaintiff was retired effective April 1, 1983. In the papers submitted to this court, plaintiff alleges that Air Force regulations require that his application should have been reviewed by the Air Force Personnel Board and referred to the Secretary of the Air Force Personnel Council for action, and that therefore, approval of his application by the Air Force Military Personnel Center was in violation of Air Force Regulations.

Because of the claimed impropriety of the reassignment, plaintiff also indicated in his filings to this court that he expected that his application would have been rejected upon review by the proper authorities. Plaintiff cites two regulations to show which officials must review retirement applications. Air Force Regulation (AFR) 35–7, ¶ 2–6, states, in pertinent part, "The Secretary of the Air Force is the final authority to approve or disapprove applications for voluntary retirement. Any application signed by an eligible member and given to the CBPO [Consolidated Base Personnel Office] must be sent to HQ AFMPC/MPCARB ... for consideration...." AFR 35–37 states that the Air Force Personnel Board "reviews and recommends final disposition" on, among other actions, "an officer's request to retire, be released from active duty, resign, or to be separated." The Air Force Personnel Council acts on the recommendations of the Air Force Personnel Board in such a matter and announces the final disposition. AFR 35–37, ¶ 3, 4, and Attachment 1.

On January 19, 1984, plaintiff applied to the Air Force Board for Correction of Military Records for back pay, reinstatement, and correction of his military record. He asserted two main arguments in support of

---

1. The Court notes that submission of the application "under protest" had no effect on its voluntariness. *See McGuken v. United States,* 407 F.2d 1349, 187 Ct.Cl. 284 (1969), *cert. denied* 396 U.S. 894, 90 S.Ct. 190, 24 L.Ed.2d 170 (1969).

Additionally, plaintiff's protest could not be considered a request for withdrawal of his retirement application because he fails to meet any of the grounds therefor, as set forth in AFR 35–7, ¶ 2–15:

A retirement application signed by a member and given to the CBPO may be withdrawn ... only for reasons of severe hardship not common to Air Force members, best interest of the Air Force, or to accept an active duty promotion that requires the member to serve past the approved date.

his application: (1) that the vacancy at Ellsworth AFB had been created in violation of regulations; and (2) that his reassignment to Ellsworth violated other regulations which required that more eligible officers be chosen before plaintiff. Plaintiff's application was denied on May 29, 1985.

On May 26, 1987, plaintiff filed the present complaint in this court, seeking back pay and allowances, restoration to active duty, and correction of his military record. He alleges that he should be granted relief because his retirement was "invalid" and "wrongful." His argument in this court is based on the following contentions: (1) that he was improperly selected for the reassignment precipitating the retirement; (2) that his application for retirement was improperly reviewed and approved; and (3) that the decision of the Air Force Board for Correction of Military Records in denying his application was arbitrary and capricious, based on factually erroneous information, and not supported by the evidence.

Defendant moves the court to dismiss the complaint for lack of jurisdiction arguing that plaintiff's retirement was voluntary and because he had not argued to the Board that his retirement had been improperly approved, he had waived his right to raise that argument in the present proceedings. Defendant states, "In essence, plaintiff's claim is that because he disagreed with his involuntary reassignment, his election to exercise his option to retire was transformed from voluntary to involuntary." Defendant argues that plaintiff's retirement was voluntary, because the box checked on the military retirement action form indicates "voluntary retirement." Defendant cites *Sammt v. United States*, 780 F.2d 31 (Fed.Cir.1985), for the proposition that "regardless of the alternatives available, the exercise of an option to retire is voluntary, and the Claims Court does not have jurisdiction to consider such plaintiff's [sic]."

At the oral argument on defendant's Motion to Dismiss, the court ordered both parties to file supplemental briefs addressing various issues not covered in the initial

filings. Subsequently, the plaintiff has filed number supplemental pleadings, pending consideration of which, the court awaited issuing its final opinion. At this time, it appears that all supplemental pleadings have been filed by both parties and the court can resolve the case.

## DISCUSSION

The purpose of Rule 12(b) of the Rules of the United States Claims Court, RUSCC 12(b), 28 U.S.C. (Supp. IV 1986), is to promote the expeditious presentation of defenses and objections. On a motion filed under Rule 12(b), the court's inquiry is essentially limited to the content of the complaint.

When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test. Moreover, it is well established that, in passing on a motion to dismiss, whether on the ground of lack of jurisdiction over the subject matter or for failure to state a cause of action, the allegations of the complaint should be construed favorably to the pleader.

*Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

As the cornerstone for its motion to dismiss, defendant cites to the decision of the Court of Appeals for the Federal Circuit in *Sammt v. United States*, 780 F.2d 31 (Fed. Cir.1985). The Federal Circuit had previously concluded in civilian pay cases that if an employee's retirement was voluntary, no jurisdiction resides in the United States Claims Court to review the case, and that the exercise of an option to retire is not rendered involuntary by the imminent imposition of a less attractive alternative, absent deception coercion or duress. *Griessenauer v. Dep't of Energy*, 754 F.2d 361, 364 (Fed.Cir.1985); *Covington v. Dep't of*

*Health and Human Servs.*, 750 F.2d 937, 942 (Fed.Cir.1984) (dicta); *Taylor v. United States*, 591 F.2d 688, 692, 219 Ct.Cl. 86, 92 (1979); *Christie v. United States*, 518 F.2d 584, 587–88, 207 Ct.Cl. 333, 338 (1975); *see also* FPM Supp. 752–1, subchapter S1–2a(3).

In *Sammt,* an Army major was considered two times for promotion to the grade of lieutenant colonel, but was not selected. Because Major Sammt had been twice passed over, the Army advised him that, pursuant to Army regulations, he would be placed on the retired list unless he requested voluntary retirement. In accordance with Major Sammt's request, he was retired a month before he would otherwise have been put on the retirement list. Major Sammt brought suit in the United States Claims Court, alleging that his non-selection was based, in part, on erroneous information included in his records. He sought back pay and correction of his records. The Federal Circuit Court reversed the Claims Court's finding of jurisdiction, holding, "If his retirement was voluntary, no jurisdiction resides in the Claims Court. . . . To the extent that the civilian pay cases articulate the rationale that a choice of unpleasant alternatives does not make a choice involuntary, that rationale is applicable here." *Sammt v. United States,* 780 F.2d at 33. The court also found that the imminent imposition of a less desirable alternative does not make a retirement involuntary. *Id.* at 32.

■ The courts, however, have recognized that other factors may vitiate voluntariness of a retirement. "To determine whether a resignation or retirement is voluntary, a court must examine 'the surrounding circumstances to test the ability of the employee to exercise free choice.' " *Scharf v. Dep't of the Air Force,* 710 F.2d 1572, 1574 (Fed.Cir.1983), (quoting *Perlman v. United States,* 490 F.2d 928, 933, 203 Ct.Cl. 397, 407–08 (1974)). An employee's freedom of choice can be adversely affected in various ways. For example, in *Scharf,* the Federal Circuit Court found that the inadequate counseling by the Air Force Commissary Service affirmatively

misled the petitioner about his retirement rights, and that the petitioner justifiably retired on the misleading information to his detriment. Therefore, his retirement was deemed involuntary. *Scharf v. Dep't of the Air Force,* 710 F.2d at 1575; *see also Petrick v. United States,* 12 Cl.Ct. 700, 702–03 (1987) (stating that a resignation is involuntary if brought on by agency misrepresentation, on which an employee or soldier relies). If an employee unsuccessfully tries to withdraw his resignation before its effective date, *Cunningham v. United States,* 423 F.2d 1379, 1384–85, 191 Ct.Cl. 471, 481 (1970), submits a resignation under time pressure and without an explanation of his rights, *Perlman,* 490 F.2d at 932–33, 203 Ct.Cl. at 406, or fails to understand the situation due to mental incompetence, *Manzi v. United States,* 198 Ct.Cl. 489, 505 (1972), then, dependant on the specific facts of the case, the resignation or retirement can be found to have been involuntarily submitted.

Duress or coercion by Government representatives can also render a retirement involuntary. *See e.g., Christie v. United States,* 518 F.2d 584, 587, 207 Ct.Cl. 333, 338 (1975). The violation of agency regulations can constitute duress and vitiate voluntariness. "An action is not voluntary if it is produced by government conduct which is wrongful." *Roskos v. United States,* 549 F.2d 1386, 1389–90, 213 Ct.Cl. 34, 40 (1977) (citing *Int'l Tel. & Tel. Co. v. United States,* 509 F.2d 541, 549–50 n. 11, 206 Ct.Cl. 37, 52–53 n. 11 (1975); *Urban Plumbing & Heating Co. v. United States,* 408 F.2d 382, 389, 187 Ct.Cl. 15, 29 (1969), *cert. denied,* 398 U.S. 958 (1970); *Fruhauf Southwest Garment Co. v. United States,* 111 F.Supp. 945, 126 Ct.Cl. 51 (1953)). Although the present plaintiff does not allege misrepresentation by a government official, or even improper time pressure, by his claims of improper proceedings, plaintiff Tannehill, however, does make a claim that his retirement was the result of wrongful government conduct.

The plaintiff in *Roskos,* an employee of the Internal Revenue Service, retired after being reassigned to a position in another city. The court held that the reassignment

was not valid as a discretionary managerial determination, but that it was a coercive act of Government which left the employee with no practicable alternative. Because the retirement was directly caused by the reassignment, which the agency had no lawful authority to command, the court decided that plaintiff's retirement, in lieu of acceptance of the reassignment, was not voluntary. *Roskos v. United States,* 549 F.2d at 1389, 213 Ct.Cl. at 39.

In support of its decision, the *Roskos* court cited *Fruhauf Southwest Garment Co.,* which stated that although its application depends on the facts of each case, three elements are common in cases which evidence duress. These elements are: "(1) that one side involuntarily accepted the terms of another; (2) that circumstances permitted no other alternative; and (3) that said circumstances were the result of coercive acts of the opposite party." *Fruhauf Southwest Garment Co. v. United States,* 111 F.Supp. at 951, 126 Ct.Cl. at 62. The court in *Roskos* found that under the circumstances presented in the particular case, the wrongful reassignment by the government was a coercive act which caused Roskos' retirement by duress. *Roskos v. United States,* 549 F.2d at 1386, 213 Ct.Cl. at 40.

▪ Under the allegations contained in plaintiff's complaint, for this court to have jurisdiction over the present case, the plaintiff would have to show that his retirement was brought about by wrongful conduct of the government, constituting duress. Since the parties did not discuss the duress issue in their initial briefings on defendant's motion to dismiss, they were directed to file supplemental briefs in order to present their arguments to the court on this matter.

While the court in *Roskos* found that the government behavior at issue constituted wrongful conduct, this court distinguishes the instant case from *Roskos.* Mr. Roskos' civilian reassignment was of a much more extraordinary nature than plaintiff's military reassignment. Moreover, Roskos argued, and the court accepted, the proposition that his reassignment was hazardous

to his health and a hardship to his family. The court in *Roskos* was unable to find any "good-of-the-service rationale" for the transfer, and there was reason to believe that the transfer was part of an unjustifiable punitive measure and an attempt to pressure the plaintiff in that case to retire. Mr. Roskos was directed to move almost at once, and the court found that the immediacy of the move was without basis. *Roskos v. United States,* 549 F.2d at 1388–89, 213 Ct.Cl. at 39. On the other hand, Mr. Tannehill's reassignment followed the time requirements prescribed by regulation, and based on the record presented, the Board was justified in finding that the reassignment was in the needs of the service.

▪ In the case at bar plaintiff, also has appealed the decision of the Air Force Board for Correction of Military Records, which held that no regulations had been violated in reassigning plaintiff to Ellsworth AFB. The standard of review which the Claims Court applies in reviewing a decision of a military correction board is whether the board's action was arbitrary, capricious, unsupported by substantial evidence, or contrary to law. *Bishop v. United States,* 673 F.2d 1369, 1373, 230 Ct.Cl. 215, 220–21 (1982) (citing *Sanders v. United States,* 594 F.2d 804, 811, 219 Ct.Cl. 285, 298 (1979)); *see also Selman v. United States,* 723 F.2d 877, 880 (Fed.Cir.1983), *cert. denied* 467 U.S. 1226, 104 S.Ct. 2678, 81 L.Ed.2d 874 (1984).

In denying plaintiff's application for correction of his military records, the Board disagreed with plaintiff's interpretations of the governing directives and with his arguments concerning the propriety of his selection for the reassignment. As background for its analysis, the Board noted that "... by regulation, the primary objective of the officer assignment system is to enhance effective and sustained mission accomplishment. This includes filling established manpower vacancies. The regulation also clearly states that all other factors (including, among others, time-on-station) are secondary." The main thrust of plaintiff's argument was that there were other officers with more time-on-station than he, and

that the regulations should have been interpreted to require that one of the officers with more time-on-station should have been reassigned instead of plaintiff. Disagreeing with plaintiff's interpretation, the Board concluded that plaintiff was chosen for the assignment as the "best qualified to meet the needs of the service."

 As the proper implementor of the regulations cited to by the plaintiff, the Air Force is entitled to deference in its interpretation of the regulations and is entitled to exercise its discretion in carrying them out. It is well established that the judiciary should afford the military considerable deference in making assignments of its personnel. *Orloff v. Willoughby,* 345 U.S. 83, 94, 73 S.Ct. 534, 540, 97 L.Ed. 842 (1953). Furthermore, when there is a question of construing an administrative statute, a court should defer to the administrative construction unless it is clearly erroneous. *Petrick v. United States,* 12 Cl.Ct. 700, 703 (1987) (citing, *inter alia, Udall v. Tallman,* 380 U.S. 1, 85 S.Ct. 792, 13 L.Ed.2d 616 (1965)). In the present case, defendant's interpretation and application of the regulations are reasonable and were found to be valid by the Board. Based on the record submitted in this case, this court, finds that the Board's decision that plaintiff's reassignment was in compliance with the regulations is not arbitrary, capricious, unsupported by substantial evidence, or contrary to law.

Based upon the foregoing reasons, the court concludes that plaintiff's decision to retire was voluntary. Moreover, the circumstances surrounding the submission of plaintiff's retirement form did not evidence any infringement upon the plaintiff's ability to exercise free choice, nor was his application filed under duress. As in *Sammt,* the plaintiff here chose to retire, rather than to wait to be retired involuntarily. Therefore, in accordance with the Federal Circuit Court's opinion in *Sammt,* because the plaintiff retired voluntarily, we find that no jurisdiction resides in the United States Claims Court. *Sammt v. United States,* 780 F.2d at 33.

 Collateral to plaintiff's claim that he was improperly reassigned, is his claim that his retirement application was improperly processed. Defendant, in its Reply to Plaintiff's Motion to Dismiss argues that this argument was not raised before the Correction Board, and, that therefore, plaintiff has waived his right to raise the argument in this court. *Doyle v. United States,* 599 F.2d 984, 220 Ct.Cl. 285 (1979), *modified on other grounds,* 609 F.2d 990, 220 Ct.Cl. 326 (1979), *cert. denied* 446 U.S. 982, 100 S.Ct. 2961, 64 L.Ed.2d 837 states that a party cannot raise an issue on appeal to a court when it failed to raise it during the administrative proceeding. *Doyle,* 599 F.2d at 1000, 220 Ct.Cl. at 311 (citing *Haynes v. United States,* 418 F.2d 1380, 190 Ct.Cl. 9 (1969)). In accordance with *Doyle,* plaintiff therefore, is deemed to have waived his right to raise the argument that his retirement application was improperly processed.

For the reasons stated above, the court, hereby, GRANTS the defendant's Motion to Dismiss. The Clerk of the Court is ordered to enter judgement dismissing the complaint in this action. No costs.

IT IS SO ORDERED.