UNITED STATES COURT OF APPEALS
**Filed 12/24/96**
FOR THE TENTH CIRCUIT

LARRY G. EMERSON, as Personal
Representative of the Estate of Vicki
Lynn Banks, Deceased,

      Plaintiff-Appellant,

v.

SHEILA E. WIDNALL, Secretary of
the Air Force,

      Defendant-Appellee.

No. 95-6421
(D.C. No. CIV-94-1279)
(W.D. Okla.)

ORDER AND JUDGMENT[*]

Before EBEL and HENRY, Circuit Judges, and DOWNES,[**] District Judge.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

---

[*]     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]    Honorable William F. Downes, District Judge, United States District Court
for the District of Wyoming, sitting by designation.

argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Vicki Banks, now deceased, brought suit against defendant, contending she had been wrongfully discharged from her employment in violation of the Rehabilitation Act of 1973, 29 U.S.C. § 794, and the Americans With Disabilities Act of 1990, 42 U.S.C. § 12112. The jury returned a verdict for defendant and plaintiff now appeals,[1] challenging a jury instruction and the sufficiency of the evidence to support the jury's verdict.

Banks, who worked as a material handler for the Air Force, was diagnosed with undifferentiated connective tissue disorder in 1990. By March 1993, her condition had degenerated to the extent that her physician recommended she be transferred to more sedentary duties that would not require heavy lifting. Based on this recommendation, Banks applied for a medical transfer. Banks also submitted an application for disability retirement. Thereafter, Banks was informed that no other positions were available to which she could be transferred,

---

[1] As an initial matter, we must address defendant's argument that we should dismiss this appeal because Larry Emerson lacks standing to prosecute this appeal on behalf of Vicki Banks, who is now deceased. After the notice of appeal was filed in this case, Emerson, as the personal representative of Banks' estate, filed a suggestion of death and a motion to substitute himself as the plaintiff-appellant. We granted Emerson's motion and substituted him as the plaintiff-appellant on December 27, 1995. We, therefore, reject defendant's argument that Emerson cannot pursue this appeal on behalf of Banks. To avoid confusion, we will refer to the plaintiff-appellant as "Banks" throughout this decision.

and, in June 1993, Banks received notice of a proposed separation for disability, effective September 23, 1993. Banks' retirement application was initially denied, but, after her termination, Banks appealed the matter to the Merit Protection Systems Board, and the government agreed to pay her disability retirement benefits. Pursuant to federal regulation, those benefits were made retroactive to her date of separation.

Banks brought the present action in November 1994, contending that the Air Force had wrongfully terminated her, rather than provide a reasonable accommodation for her disability. As compensation for the government's alleged wrongdoing, Banks sought back pay, reimbursement of medical expenses, damages for emotional distress, and declaratory relief.

One of the issues raised at trial was the effect of Banks' retirement on her wrongful discharge claim. The court instructed the jury on this issue as follows:

> You have heard evidence that Ms. Banks applied for disability retirement benefits before she was terminated. That application was approved after her termination, and the approval was made retroactive so that she effectively retired on the date of her termination.

> A person cannot both voluntarily retire and be discharged. Plaintiff must show by a preponderance of the evidence that her application for disability retirement was involuntary. If she does not, then your verdict on plaintiff's claim of unlawful termination must be in favor of the defendant. If, on the other hand, plaintiff does show that her disability retirement was involuntary, the fact that she was placed in retired status is no defense to her discrimination claim.

An act is done voluntarily if it is done intentionally and by design or choice, and not because the actor was coerced, pressured or misled by another person into doing it.

Appellant's App., Instruction No. 19, at 42.

Banks' counsel objected to this instruction before the jury retired, "stating distinctly the matter objected to and the grounds of the objection," as required by Fed. R. Civ. P. 51. Counsel made two objections to the instruction, both of which were overruled. First, counsel asked that the words "application for disability retirement" be substituted for the words "disability retirement" in the last sentence of the second paragraph, to avoid focusing the jury's attention on the ultimate acquisition of benefits rather than on the application for benefits. Appellant's App. at 199-200.

Second, counsel asked that the following language be added to the end of the second paragraph: "'The fact that plaintiff appeals her denial of disability retirement after she was terminated and was ultimately granted disability retirement should not be considered by you in determining if her application for disability retirement was voluntary or involuntary.'" Id. at 200. Counsel based this second objection on the following language in Arneson v. Heckler, 879 F.2d 393 (8th Cir. 1989): "While it is true that Arneson was faced with making the difficult decision of either losing his retirement benefits or losing his ability to pursue his claim for reinstatement, 'the fact that an employee * * * has to

-4-

cho[o]se between two unpleasant alternatives does not make the resulting action involuntary.'" Id. at 396 (quoting Taylor v. United States, 591 F.2d 688, 692 (Ct. Cl. 1979)). Counsel told the court that the present case presented a similar situation to that in Arneson: "In order to avoid this problem, Miss Banks would have had to have decided whether to pursue disability retirement by appeal after termination or pursue a lawsuit. She is forced--by the way the instructions read--with choosing between two alternatives, which is improper under the Arneson case." Appellant's App. at 200-01.

On appeal, Banks does not object to the specific wording of the instruction, as she did in the district court. Instead, she argues, more generally, that "[t]he jury instruction totally misled the jury that, if Plaintiff received a disability retirement after she was terminated from employment, then Plaintiff's disability retirement cured the government's discriminatory/retaliatory discharge of Plaintiff." Appellant's Opening Br. at 12. Banks contends that the instruction effectively foreclosed her claim of termination from employment, by informing the jury that "Plaintiff's ultimate receipt of disability retirement negated her termination changing the termination to a voluntary retirement." Id. at 16.

"When considering a party's challenge to jury instructions, our initial inquiry is whether the party properly preserved that issue for appeal by objecting at the district court level to the instruction on the same grounds raised on appeal."

Comcoa, Inc. v. NEC Tels., Inc., 931 F.2d 655, 660 (10th Cir. 1991). Whether the grounds for objection asserted in the district court are the same as those asserted on appeal is not clear. While Banks did voice her concern in the district court that the instruction focused the jury's attention on the ultimate receipt of benefits, she did not explain to the district court the feared consequence of this focus, which appears to be the thrust of her argument on appeal: that the jury would think that Banks' ultimate receipt of benefits obviated defendant's allegedly wrongful conduct in terminating her. Even if we assume, however, that plaintiff properly preserved her present challenge, we find no reversible error in the court's instruction.

"When deciding whether a possible error in a jury instruction mandates reversal, we review the record as a whole to determine whether the instructions state the law which governs and provided the jury with an ample understanding of the issues and standards applicable." Id. at 661 (quotations omitted). "Our focus is not on whether a single instruction was faultless in every particular, but whether the jury was misled in any way." Shamrock Drilling Fluids, Inc. v. Miller, 32 F.3d 455, 459 (10th Cir. 1994)(quotations omitted).

When an employee who has retired brings a claim seeking reinstatement and back pay, the focus of the inquiry is on whether the employee's retirement was voluntary. E.g., Arneson, 879 F.2d at 396. "If that choice was freely made,

[the employee] had no right after that event to further employment by the Federal Government . . . ." Roskos v. United States, 549 F.2d 1386, 1388 (Ct. Cl. 1977); see also Wall v. United States, 871 F.2d 1540, 1543 (10th Cir. 1989)("If Wall, in fact and in law, voluntarily retired, he cannot argue that his termination was the result of agency discrimination."), cert. denied, 493 U.S. 1019 (1990). "Absent evidence to the contrary, retirement is presumed to be a voluntary act." Covington v. Department of Health & Human Servs., 750 F.2d 937, 941 (Fed. Cir. 1984).

"To determine whether a retirement is voluntary, a court must examine the surrounding circumstances to test the ability of the employee to exercise free choice." Id. at 941-42 (quotation omitted). Courts examining the freedom of an employee's choice have found a variety of circumstances that can vitiate that freedom, including duress or coercion, time pressure, and misleading information supplied by the government upon which the employee relies. E.g., id. at 942; Bergman v. United States, 28 Fed. Cl. 580, 585-88 (Ct. Fed. Cl. 1993); Taylor, 591 F.2d at 691-92. Duress may result from the violation of agency regulations, Tannehill v. United States, 18 Cl. Ct. 296, 300 (Cl. Ct. 1989), or from other wrongful action, such as discriminatory discharge, Arneson, 879 F.2d at 396.

The instruction given by the district court, here, properly focused the jury's attention on the voluntariness of Banks' retirement. The instruction also

informed the jury that it should not consider Banks' retirement to be voluntary if it was a result of coercion, pressure, or misleading information. Contrary to Banks' assertion, the instruction did not suggest that the mere receipt of retirement benefits would cure a previous wrongful act. Nor did the instruction suggest that Banks' retirement would negate her termination, absent a determination by the jury that Banks' retirement was, in fact, voluntary. Based on the record before us and the pertinent law, we find no reversible error in the district court's instruction to the jury.

Banks also challenges the sufficiency of the evidence to support the jury's verdict in favor of defendant. She contends that the evidence establishes that the government failed to make a reasonable accommodation of her disability and even thwarted her attempts to obtain an accommodation. Therefore, she maintains, "[t]here was insufficient evidence of [a] lack of discriminatory motive to support the jury verdict." Appellant's Opening Br. at 15.

The record does not reflect that Banks properly preserved this issue for appellate review. Banks neither moved for a judgment as a matter of law at the close of all the evidence, pursuant to Fed. R. Civ. P. 50(a), see Green Constr. Co. v. Kansas Power & Light Co., 1 F.3d 1005, 1012 (10th Cir. 1993), nor moved for a new trial on the ground that the verdict was against the weight of the evidence, pursuant to Fed. R. Civ. P. 59, see York v. AT&T Co., 95 F.3d 948, 958 (10th

Cir. 1996). Therefore, in the absence of plain error, <u>see</u> <u>United States v.</u>

<u>Santistevan</u>, 39 F.3d 250, 256 (10th Cir. 1994); <u>First Sec. Bank v. Taylor</u>, 964

F.2d 1053, 1057 (10th Cir. 1992), which Banks does not argue, appellate review

of Banks' challenge to the evidence supporting the jury's verdict is precluded.

The judgment of the United States District Court for the Western District of

Oklahoma is AFFIRMED.


                                    Entered for the Court



                                    David M. Ebel
                                    Circuit Judge

-9-